HENRY W. McDANIEL, plaintiff in error, vs. CHARLES WALK-ER, defendant in error.

[1.] The Judge is justified in giving a charge respecting the credibility of a witness who discloses on the stand the fact that he has been guilty of the *crimen falsi*.

[2.] When there is evidence enough to authorize such a charge, there is enough to sustain a verdict adverse to the credit of the witness—it would be error to present to the jury the opportunity of finding a verdict which could not stand when found.

[3.] A defendant in a motion for a new trial can (generally) avail himself of only such defences as he has made during the trial.

Complaint, from DeKalb Superior Court.     Tried before Judge BULL, April Term, 1859.

This was an action originally by Walker, as bearer, against John H. Morris, principal, and Henry W. McDaniel, security, on twelve promissory notes, each for thirty dollars, dated 21st February, 1853, and due 25th December, thereafter.

There was a verdict for plaintiff at common law, and the security, McDaniel, appealed. The defence relied on by the security was, that plaintiff had given indulgence, and extended the time of payment of said notes, in consideration of an extra per cent. or usury paid by the principal. That this indulgence was given without the knowledge or consent of the security, and operated as a discharge of his further liability on said notes.

At the trial, on the appeal, the principal, Morris, was examined as a witness, being first released from payment of cost. He proved that he wrote and sent to Silas Mosely, the original owner and payee of the notes sued on, the following letter, viz :

" ATLANTA, ——— 7th, 1854.

Mr. SILAS MOSELY,

    *Dr. Sir :* I inform you that I am willing to stand security on them notes of J. H. Morris until he takes them up.

Yours, &c.,

    (Signed)                 H. W. McDANIEL."

This witness further testified, that he wrote this note and signed McDaniel's name to it without his knowledge or consent—in other words, that he forged McDaniel's name to the letter.

The testimony being closed, the Court charged the jury, that if Mosely, the payee of said notes, for a consideration, agreed with John H. Morris, the principal, to give day of payment, and did so, in pursuance of said agreement, without the consent or knowledge of McDaniel, the security, that McDaniel was discharged from all liability on said notes, and they ought to find for the defendant, provided they believed the witness, John H. Morris. That a witness's credibility might be impeached by his manner of testifying, or when he testified to an act on his part inconsistent with moral integrity. That they were the sole judges of the degree of credibility which ought to be given to the testimony of said witness, and they had the right to believe or disbelieve his testimony. That in determining how far his credibility ought to be affected by the act disclosed, they might consider whether he intended to act fraudulently, or whether he believed his act would be ratified by McDaniel. To the latter part of which charge counsel for defendant excepted.

The jury returned a verdict for plaintiff, for the amount of the notes; whereupon, counsel for defendant, during the said Term, and before adjournment thereof, moved for a new trial in the said cause, on the following grounds:

1st. Because the jury found for the plaintiff the full amount of said notes, when the testimony showed there was usury in the same.

2d. Because the finding of the jury was against the charge of the Court.

3d. Because the verdict of the jury was without any testimony to support it, and against the weight of evidence.

4th. Because the finding of the jury is against the law and against the evidence in said cause.

5th. Because the Court erred in charging the jury, that

they were the judges, and sole judges, of the credibility of the testimony of the witness, Morris, there having been no witness introduced to invalidate his testimony, nor any contradictory statements of his proven on the trial.

Which motion was overruled by the Court, and counsel for defendant excepted.

EZZARD & COLLIER, for plaintiff in error.

GLENN & COOPER, *contra*.

*By the Court.*—STEPHENS J. delivering the opinion.

There are three assignments of error in this case.

[1.] That the Court erred in giving the jury any charge at all upon the credibility of the witness, Morris, because he was not impeached either by another witness, or any contradictory statement of his own; and so there was no evidence authorizing a charge on that point. This assumes that the credibility of a witness can be effected only in the two modes stated—an assumption which can not be sustained. On the contrary, it may be affected and broken down in many ways. One reason for disbelieving a witness is, the impossibility or improbability of his story; and another reason for discrediting him is, the very one which existed in this case—his own disclosure of an act which exhibits moral turpitude in himself, especially such an act as falls under the denomination of *crimen falsi.* His note to Mr. Mosely was a falsehood, or his statement about it to the jury was one. There is no escape from this alternative. The Judge was, therefore, authorized by the evidence, we think, to give the charge he did.

[2.] And this disposes of another assignment that the Court erred in refusing a new trial, on the ground that the verdict was unsupported by the evidence; for if there was evidence enough to authorize the Judge to give the charge as to Morris's credibility, there was enough to sustain the

verdict. It would have been error to have submitted that issue to them, if there had not been enough evidence to warrant a finding adverse to the witness's credibility. It would be futile, indeed, to present to the jury the opportunity of finding such a verdict as could not stand when found.

[3.] As to there being usury in the notes, it is sufficient to say, that the fact depended solely on the testimony of this same witness, and the jury were authorized to reject his evidence. Nor does it appear that McDaniel made any point, or asked any charge on the subject of usury *during the trial.* He can not now complain of any errors except such as tended to hurt his line of defence.

Judgment affirmed.