## 2114.   COLE *v*. THE STATE.

1. The trial judge should not, in the hearing of the jury, make any remark tending to compliment or disparage a witness. It is reversible error for him to state facts of his own knowledge, or as of his own knowledge, tending to exculpate the witness from an offense charged against him, or tending to show that there were mitigating circumstances connected with the offense.

2. The error referred to in the foregoing headnote falls within the purview of section 1032 of the Penal Code (Civil Code, § 4334), under which the court has no discretion as to the grant of a new trial; the language is mandatory: "It is error for the judge of the superior court, in any case, during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused; and a violation of the provisions of this section shall be held by the Supreme Court to be error, and the decision in such case reversed, and a new trial granted with such directions as the Supreme Court may lawfully give."

Indictment for sale of liquor, from Fannin superior court—Judge Morris. July 31, 1909.

Argued October 6,—Decided October 13, 1909.

*Thomas A. Brown, Griffin & Attaway,* for plaintiff in error.

*J. P. Brooke, solicitor-general,* contra.

POWELL, J. The conviction of the defendant rests solely upon the testimony of a witness named A. W. Axley. During the cross-examination the defendant's counsel propounded the following questions: "Are you the same A. W. Axley who was indicted at the May term of Fannin superior court for the offense of larceny from the house?" The witness replied, "The same man." Q. "And the same A. W. Axley who got the case on said indictment nol. pros'd in open court May 28, 1909, and returned the property alleged to have been stolen in that indictment?" The judge of his own motion interfered at this point, and prevented the witness from answering the last question. Counsel for the defendant said, "I desire to offer in evidence the indictment and the order nolle prosequi reciting these facts and signed by your honor." The court replied, "I will exclude it; he had left his trunk in pawn for board bill, and took some things out of the trunk and afterwards settled the bill. I will rule it out." This action of the court is made the basis of one ground of the defendant's motion for new trial. In addition to the facts stated above, it is probably proper to state, that it appears, from a statement by the judge

in the record, that the defendant was generally known as a persistent violator of the liquor laws of the State, and public sentiment was strongly aroused against him; that a petition of citizens had been filed with the judge, asking that the defendant be tried and severely punished; and that it was hard to get testimony against him. The only witness against him on the present trial was the young man, Axley. His testimony was given with considerable reluctance and evasion. It was only after the court had addressed him, and had reminded him that he was on oath, that he gave the testimony upon which the conviction rested.

There is only one mandatory ground for new trial under the law of this State; all other grounds are, in at least some degree, discretionary. There is one error which always, under all circumstances, results in a new trial; as to other errors, particular facts and circumstances of the case may justify the court in holding them harmless. This error which the legislature of this State has exalted to such importance is referred to in section 4334 of the Civil Code and in section 1032 of the Penal Code. "It is error for the judge of the Superior Court, in any case, during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused; and a violation of the provisions of this section shall be held by the Supreme Court to be error, and the decision in such case reversed, and a new trial granted with such directions as the Supreme Court may lawfully give." Penal Code, §1032. This is the law-making power speaking directly to the judiciary. Could language be more mandatory? The credibility and standing of the witness is an issuable fact in every case—a most material fact. Therefore, anything which tends to uphold, to support, to disparage, or to lower the character and the resulting credibility of the witness is vitally connected with the facts of the case and, in a criminal case, with the guilt or innocence of the accused. Hence it has been repeatedly held by the Supreme court that it is reversible error in a criminal case for the trial judge to compliment a witness for the prosecution, or to say anything to disparage a witness for the defense; and the truthfulness or the justness of the criticism upon the witness, the motives prompting the judge to such language, and such

things, must in every case be disregarded, as not changing the character of the error.

In the case of *Pound* v. *State,* 43 *Ga.* 90, 125, 139, the judge complimented one of the witnesses upon his promptness in visiting the place where the deceased fell, and for having collected facts while they were fresh; and the judge explained to the jury that in complimenting this witness he did not intend to give any opinion as to his evidence. The Supreme Court held that it was reversible error. In the *Jefferson* case, 80 *Ga.* 16 (5 S. E. 293), the judge, in attempting to curb the defendant's counsel in the asking of leading questions, said, "Don't lead the witness. They will tell anything you want them to say. Counsel will not be allowed to persist in leading the witness. These ignorant witnesses can be led to say anything in the world you want them to say, if they are interested in the party. Shrewd counsel can frame questions so as to lead the witness to say anything they want them to say." Held to be reversible error. In the *Alexander* case, 114 *Ga.* 266 (40 S. E. 231), the trial judge, with the view of getting one of the State's witnesses to reveal a fact which would be of benefit to the defendant, and which the defendant's counsel, on examination, had not been able to bring out, took the witness in charge. Preliminary to his examination of the witness, he instructed the jury not to pay any attention to what was about to take place, that the conversation between him and the witness was not a matter for their consideration. He then said to the witness, "I know you to be an honorable man, and I have no doubt that you have told the truth about this matter, as far as you were allowed to answer." Although the evidence elicited by the judge from the witness was beneficial to the defendant, the Supreme Court held that the statement of the judge was in violation of the code section cited, and was reversible error.

It is immaterial in the present case whether it was competent for the defendant to impeach the witness by showing that he had been indicted for larceny and that he had secured a nolle prosequi of the indictment. The witness had, without objection, admitted that he had been indicted for that offense; and it was an offense involving moral turpitude. See, in this connection, *McDaniel* v. *Walker,* 29 *Ga.* 266, 268; *Wood* v. *State,* 48 *Ga.* 193 (6), 292 (15 Am. R. 664); *Wheeler* v. *State,* 112 *Ga.* 43 (3), 45 (37 S. E. 126).

If the judge had merely excluded the testimony, a different question would have been presented. He did not exclude the evidence as to the fact that the witness had been indicted for larceny—he allowed that to remain in the case, but gave an explanation which tended to relieve the witness from much, if not all, of the stigma of the crime. Of course, we understand the motive of the judge; he saw what seemed to him to be an attack upon the witness, not only irrelevent, but unfair; the facts were probably within his own information, and forgetting for the moment the limitations that surround a judge's office, and spurred by what we may call the instinct of the "square deal" (if we may employ the expression), he intervened in the interest of the truth. But the judge can not testify in the case before him; he can not interpolate facts dehors the record, even in behalf of so great a thing as the truth. The only truth the judge can give the jury is truth of law, and not truth of fact.

Has this court, under the statutes of this State and the decisions of the Supreme Court, the power to do otherwise than grant a new trial? The obeying of the law by the courts is so much more important than even the obeying of the law by private citizens that for us to refuse to grant the new trial under these circumstances would be a far greater wrong than even that flagrant wrong of which the defendant is charged. To uphold the conviction of the defendant, who, even if he is guilty, has not had a trial according to law, would be to teach obedience to the law by precept, and to refute the precept by example. Therefore, the argument that this defendant's guilt is great, that it would be a good thing for the community in which he resides if the conviction and sentence should stand, and that righteous public indignation demands his punishment, is no argument that should appeal to us, or that does appeal to us.

*Judgment reversed.*