## SOUTHERN RAILWAY COMPANY *v.* CHITWOOD.

In a suit against a railroad company for killing stock, the plaintiff's evidence tended to show that the damage was done by a morning train of July 13, 1900. The defendant admitted the killing, but insisted that it took place at night, and, while introducing no testimony as to diligence by the morning crew, offered evidence to show the exercise of all ordinary care by those in charge of the night train. The plaintiff did not attempt to rebut this proof of diligence. The only issue being as to when the stock was killed, *held*, that it was not error of which the company could complain for the judge to charge that if the killing was by the night train the company had made out a complete defense ; but that if it was by the morning train, there being no evidence to rebut the presumption of negligence, the plaintiff was entitled to recover the value of the stock.

Argued November 5, — Decided November 14, 1903.

Action for damages. Before Judge Fite. Whitfield superior court. April 13, 1903.

*Shumate & Maddox* and *J. M. Rudolph,* for plaintiff in error. *W. E. Mann* and *J. B. Terry,* contra.

LAMAR, J. The facts are sufficiently stated in the headnote. If the killing occurred at night, there may have been some question as to whether the evidence was sufficient to overcome the legal presumption of negligence. But the company has no cause of complaint as to this part of the charge. The instruction that

the plaintiff was entitled to recover if the killing took place in the morning was the statement of a necessary legal conclusion, and not such an expression of opinion as is prohibited by the · Civil Code, § 4334. The parties were not at issue as to the fact of the killing, nor as to the circumstances attending it, whenever the time it took place was once established. That being once determined, the result was matter of law, and the judge could assist the jury by instructing them what that should be. If it had been admitted that the killing took place at night, he may have been authorized to direct a verdict for the defendant. On the other hand, if it had been admitted that it took place in the morning, he certainly could have directed a verdict for the plaintiff. ·The only controverted point was as to time, and as to that the court expressed no opinion, but left it open to be determined by the jury. In *E. T., V. & G. R. Co.* v. *Markens*, 88 *Ga.* 60, 62, it was held that "Where there is no evidence that a passenger in a public hack knew of danger from an approaching train on a public crossing, the judge may so state to the jury, and may say that there is no evidence of any failure in duty on .the part of such passenger to avoid the injury." "When an alleged fact is entirely unsupported by evidence, the judge may aid the jury by so informing them, thus relieving them of that much difficulty in reaching a correct conclusion in the case." In *Holifield* v. *White*, 52 *Ga.* 567, 569, it was ruled that where the legal effect of undisputed evidence was to show that a partnership did exist, and the judge charged that such was the legal effect, the verdict would not be set aside on the ground that it was an expression of opinion. And in *Underwood* v. *American Mortgage Co.*, 97 *Ga.* 238, it was said that "Where no evidence of any kind is introduced in support of a given plea, the court may state to the jury that such is the fact." *Judgment affirmed. All the Justices concur.*