## 5135. FLANNIGAN v. THE STATE.

POTTLE, J. 1. While the evidence was circumstantial and not conclusive as to the guilt of the accused, the proved facts and circumstances were sufficient to authorize the conviction.

2. The following instruction to the jury was not erroneous: "The object of legal investigation is not the ascertainment of truth to an absolute or mathematical certainty; mathematical or absolute certainty is not within the range of legal investigation."

3. There was no error in the following charge to the jury: "In order to warrant a conviction upon indirect or circumstantial evidence the proved facts must not only be consistent with the hypothesis of guilt, but must be inconsistent with every other reasonable hypothesis save that of the guilt of the accused."

4. The following charge was free from error: "When you have reached a conviction under the evidence in this case, and under the principles of law controlling in this case, of the truth of the case, it is the duty of the jury to write that in their verdict; let that verdict reflect the truth of the case as revealed by the evidence, and under the principles of law controlling and governing the case." The use of the word "conviction," taken in connection with the context, could not have misled the jury into the belief that the presiding judge had reference to the conviction of the accused rather than to the conviction of the minds of the jury after the consideration of the evidence.      *Judgment affirmed.*

DECIDED OCTOBER 28, 1913.

Indictment for arson; from Ben Hill superior court—Judge George. July 14, 1913.

*D. B. Nicholson, Wilson, Bennett & Lambdin,* for plaintiff in error.

*Joseph B. Wall, solicitor-general,* contra.