### 20548. SELLERS *v.* THE STATE.

DECIDED JUNE 10, 1930.

*J. B. Moore, H. L. Williams,* for plaintiff in error.
*W. B. Gibbs, solicitor-general,* contra.

LUKE, J. Monroe Sellers was convicted of simple larceny—cow stealing, and excepts to the overruling of his motion for a new trial. The defendant was jointly indicted with one Lewis Taylor, and on the trial Taylor testified, in effect, that he and the defendant Sellers together committed the crime. The amendment to the motion for a new trial alleges that the court erred in the following charge: "I charge you in this case that the defendant Taylor, having been convicted, *is an accomplice as a matter of law."* We think this is a direct expression of opinion by the court that the defendant on trial was a participant with Taylor in the commission of the crime, and was therefore guilty. If Taylor was an accomplice he was an accomplice with some one; and the defendant was the only one alleged to have been, involved in the transaction with him. This charge virtually fixed the status of the defendant on trial, because if one defendant was, an accomplice as a matter of law, the other would be an accomplice as a matter of law; and it in effect said that the defendant on trial was an accomplice as a matter of law because at least two parties must necessarily be involved, in order to create the position of accomplice. Taylor's testimony may have been sufficient

to establish his position as an accomplice, but this was a question of fact for determination by the jury and not by the court. It was of course proper to admit Taylor's testimony which in effect said he was an accomplice; and, since Taylor was jointly indicted with the defendant, to instruct the jury that Taylor was not on trial; and, in view of Taylor's testimony, to instruct the jury relative to testimony of an accomplice; but it was error and prejudicial to the accused to instruct the jury that Taylor "is an accomplice as a matter of law," because under the facts of this case, this necessarily meant that he was an accomplice of the defendant on trial, since the two only were jointly indicted, and therefore the defendant on trial had participated with him in the commission of the crime; because "participation in the commission of the same criminal act and in the execution of a common criminal intent is necessary to render one criminal, in a legal sense, an accomplice of another." *Springer* v. *State,* 102 *Ga.* 447 (30 S. E. 971). The authorities cited by counsel for the State do not deal with the issue involved. It is not what is the test of an accomplice, but who shall determine it. And if the jury determine, upon sufficient evidence, that one is an accomplice, then "his testimony stands and must stand as that of an accomplice;" but the jury and not the court must determine the question. The credibility of witnesses is always for the jury, and while Taylor's guilt was established, the jury may have disbelieved his testimony that the defendant was the one with whom he participated in the commission of the crime, or that any person participated with him. The conviction of Taylor determined his guilt as a matter of law, but did not determine that he was an accomplice of Sellers as a matter of law. "Neither the joinder of a witness in an indictment with the defendant, nor a plea of guilty entered by the witness necessarily makes him an accomplice with the defendant. . . It is for the jury, from a consideration of the testimony of the witness, . . to determine whether the witness was an accomplice of the defendant on trial." *Hargrove* v. *State,* 125 *Ga.* 270 (54 S. E. 164).

Where a witness is jointly indicted with the defendant on trial, and the witness and the accused are the only two alleged to be involved in the criminal transaction, and the court charges the jury that the witness, "having been convicted, *is an accomplice* as a matter of law," this is "an expression of an opinion by the trial

judge upon a matter of fact as to what had been proved upon the trial; and such an error, according to the provisions of section 4334 of the Civil Code [Park's Penal Code, § 1058], renders the grant of a new trial imperative, without reference to the correctness of the verdict. . . It determines judicially a question of fact which should have been left to the jury; and whether that fact was properly determined or not by the judge, this court . . is without discretion to withhold a judgment reversing a refusal to grant a new trial upon an exception based upon this instruction to the jury." *Sanders* v. *Nicolson,* 101 *Ga.* 739 (3), 740 (28 S. E. 976). In *Goolsby* v. *State,* 148 *Ga.* 474, 476 (97 S. E. 73), the trial court led the jury to believe that the facts and circumstances were sufficient to show a conspiracy; and our Supreme Court said: "If the jury believed there was a conspiracy, then they would be led to conclude, from what the court said and the evidence in the case, that the conspiracy was with no other person than Ulysses Goolsby [the defendant], who was present, and who, according to the evidence of some of the witnesses, participated in the shooting of the decedent. . . Inasmuch as this charge of the court contains an expression or intimation of opinion upon the facts of the case, it was error which requires the grant of a new trial."

The court erred in overruling the motion for a new trial.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*