## 22001. GOLDEN v. THE STATE.

DECIDED AUGUST 31, 1932.

*J. A. Beazley, Clement E. Sutton,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

LUKE, J. F. A. Golden was convicted of arson. The record brings to the consideration of this court the overruling of the defendant's motion to quash the indictment, and the overruling of his motion for a new trial.

Omitting some of the usual allegations, the indictment substantially alleges that, "on March 9, 1930, in Taliaferro county, Tommy Lyons, B. C. Lyons, and F. A. Golden did, with intent to defraud Ætna Insurance Company, . . Phoenix Insurance Company . . , and the Home Insurance Company . . , set fire to one certain storehouse in the town of Sharon, Georgia, belonging to L. S. Jackson, and in which was located a stock of general merchandise and fixtures belonging to F. A. Golden, and did burn said storehouse and stock of merchandise and fixtures, and did cause the same to be burned, and did aid in the burning of the same, and did counsel the burning of the same, and did procure the burning of the same; said storehouse being then and there insured in the Phoenix Insurance Company . . by L. S. Jackson for the sum of $1500; and said stock of merchandise and fixtures being then and there the property of F. A. Golden, and being then and there insured in Ætna Insurance Company . . for the sum of $4000, and the Phoenix Insurance Company . . for the sum of $2500, and in the Home Insurance Company . . for the sum

of $3500; and the said accused having set fire to . . said storehouse of L. S. Jackson, and stock of general merchandise and fixtures of F. A. Golden, for the purpose of collecting the insurance on said stock of merchandise and fixtures from the aforesaid insurance companies, who had insured said stock of general merchandise and fixtures for the said F. A. Golden on the policies of insurance written by said companies as aforesaid, said insurance to be collected by the said F. A. Golden." The indictment further alleges that Golden actually collected large sums of money from the companies in which he carried his insurance, and thereby defrauded said companies.

The question presented by both the exceptions pendente lite and special ground 4 of the motion for a new trial may be understood from the following quotation from the exceptions pendente lite: "A material allegation of the indictment is the averment that the storehouse of L. S. Jackson was burned, and that it was insured in the Phoenix Insurance Company of Hartford, Conn., for $1500. The proof disclosed that the storehouse was insured in another company, The Ætna Insurance Company of Hartford Conn. . . At the close of the evidence, defendant's counsel moved the court to order the indictment quashed and defendant discharged, upon the grounds of a variance between the allegations of the indictment and the evidence of the named witness adduced by the State in support of the same. After argument, the court overruled the motion of defendant's counsel. . ."

The act of 1924 (Ga. L. 1924, p. 193), section 3, provides that "any person who wilfully or maliciously, and with intent to injure or defraud the insurer, sets fire to or burns, or causes to be burned, or who aids, counsels, or procures the burning of any goods, wares, merchandise, or other chattels or personal property of any kind, the property of himself or of another, which shall at the time be insured by any person or corporation against loss or damage by fire, shall, upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than five years." Section 2 of the same act contains practically the same provisions as those of the section quoted, except that it applies to certain buildings other than dwellings or outhouses, and fixes a severer penalty.

It will be observed from the indictment that Jackson owned the storehouse and the defendant owned the merchandise and fixtures;

that the defendant "procured the burning . . of said store-house of L. S. Jackson, and stock of general merchandise and fix-tures of F. A. Golden, for the purpose of collecting the insurance on said stock of merchandise and fixtures from the aforesaid insurance companies who had insured said stock of general merchandise and fixtures for the said F. A. Golden;" and that Golden did actually collect insurance from said companies.

We are satisfied that the indictment is based upon section 3 of the act, quoted above, and not upon section 2; that the allegation that said storehouse was insured in a certain insurance company was immaterial to the State's case; and that the fact that the proof shows that said storehouse was insured in a different company from the one alleged in the indictment was no fatal variance between any material allegation of the indictment and the proof. "In criminal law an unnecessarily minute description of a necessary fact must be proved as charged; but an unnecessary description of an un-necessary fact need not be proved." *Hall* v. *State,* 120 *Ga.* 142 (47 S. E. 519). We hold that the trial judge did not err in over-ruling the motion to quash the indictment. In any event, however, we do not think that the motion to quash was a proper course for the defendant to pursue. A motion to quash an indictment is a demurrer. *Thomasson* v. *State,* 22 *Ga.* 499; *Tate* v. *State,* 24 *Ga. App.* 279 (100 S. E. 765). In *Lampkin* v. *State,* 87 *Ga.* 516, 523 (13 S. E. 523), it was said: "When an indictment should contain more than one count and contains one only, it is bad in form and is subject to exception before trial. But no motion in arrest of judg-ment can be sustained for *any* matter not affecting the real merits of the offense or offenses charged. . . It is a defect in the mode of pleading, and not in the substance of real merits of the matter pleaded. If the accused is unwilling to go to trial upon an indict-ment defective in form only, his remedy is to demur or except in due time and manner. . . If he insists upon it, he has a right to be tried upon indictment good in form as well as in substance. But if he neglects matters of form until after verdict, he is then too late." We next quote from *Wilder* v. *State,* 47 *Ga.* 522, 524: "After having pleaded not guilty, the defendant could not move to quash the indictment upon any ground that would not have been good in arrest of judgment." See also *Gilmore* v. *State,* 118 *Ga.* 299 (45 S. E. 226).

■ It appears from special ground 2 of the motion for a new trial that, after defining an accomplice and instructing the jury that an accomplice's testimony must be corroborated, and how it must be corroborated, the court made this statement in the charge: "and I believe it is admitted in this case that Tommy Lyons was an accomplice." The ground avers that in making this statement the court committed error (1) in denying the jury the right to determine whether or not Lyons was an accomplice, and (2) in expressing to the jury the opinion that Lyons was an accomplice. The Penal Code (1910), § 1058, reads as follows: "It is error for the judge of the superior court, in any case, during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused; and a violation of the provisions of this section shall be held by the Supreme Court to be error, and the decision in such case reversed, and a new trial granted, with such directions as the Supreme Court may lawfully give." We quote next from *Southern Express Co.* v. *State,* 1 *Ga. App.* 700 (5) (58 S. E. 67) : "To assume in a criminal case that the testimony for the State is the truth, though such testimony be not contradicted by evidence for the defendant, and to charge the jury that such testimony is the truth and that there is no contention to the contrary, is violative of section 4334 of the Civil Code, and demands a new trial. The plea of guilty, filed by the defendant, is a contention on his part as to every material and essential fact necessary to establish his guilt, and implies a denial of every such fact." To the same effect is *Cooper* v. *State,* 2 *Ga. App.* 730 (59 S. E. 20). "And it is the duty of this court to grant a new trial when such error is committed, whether, in his opinion, substantial justice has or has not been done by the verdict." *Phillips* v. *Williams,* 39 *Ga.* 597. It was held in *Sanders* v. *Nicolson,* 101 *Ga.* 739 (3) (28 S. E. 967), that such an error "renders the grant of a new trial imperative, without reference to the correctness of the verdict." We next quote from *Suddeth* v. *State,* 112 *Ga.* 407, 409 (37 S. E. 747) : "The court charged the jury as follows: 'Now, you are to determine, gentlemen, whether or not he is an accomplice (Hunter, the witness). He denies having anything to do with the commission of this offense himself; he states that he had nothing to do with it, and was not an accomplice.' The code declares that the judge in his charge to the jury must not 'express or

intimate his opinion as to what has or has not been proved' (Civil Code, § 4334), and a violation of this rule imperatively demands the grant of a new trial, under the very terms of the section. A statement by the court as to what a witness has testified has been construed to be an intimation or expression of opinion as to what has been proved, within the meaning of this section. *Davis* v. *State*, 91 *Ga.* 167 (2) [17 S. E. 292]; *McVicker* v. *Conkle*, 96 *Ga.* 584 (3), 596 [24 S. E. 23]. Following the ruling made in these two cases, the charge now under consideration was erroneous."

We find nothing in the record before us, or in the briefs of counsel, which shows that the defendant conceded in the trial court that the witness Tommy Lyons was an accomplice. Counsel's contention that the defendant's attorney should have objected to the statement of the court when it was made does not appeal to us. We do not think it is incumbent upon counsel to interrupt the judge while he is delivering his charge, to "take issue at the time." Our conclusion is that the court violated the "dumb act," as insisted by the plaintiff in error; and this court holds that in so doing he committed reversible error.

We have passed upon the motion to quash the indictment because it concerned a matter that would likely come up again. The general grounds will, of course, not be considered. The other two grounds of the amendment to the motion for a new trial concern questions that are not new or interesting, and we deem it unnecessary to consider them. *Judgment reversed. Hooper, J., concurs.*

BROYLES, C. J., dissenting. It is well settled that a judge does not violate the "dumb act" (Civil Code of 1910, § 4863) in stating to the jury that a certain fact has been proved, where that fact has been established by the undisputed evidence or expressly or virtually admitted upon the trial of the case. *Marshall* v. *Morris*, 16 *Ga.* 368 (7); *Southern Ry. Co.* v. *Chitwood*, 119 *Ga.* 28 (45 S. E. 706); *Greer* v. *Raney*, 120 *Ga.* 290 (47 S. E. 939); *Western Union Tel. Co.* v. *Harris*, 6 *Ga. App.* 260 (6) (64 S. E. 1123); *Atlantic Coast Line R. Co.* v. *Smith*, 6 *Ga. App.* 378 (65 S. E. 44); *Dexter Bkg. Co.* v. *McCook*, 7 *Ga. App.* 436 (67 S. E. 113); *Georgia Ry. & Electric Co.* v. *Cole*, 1 *Ga. App.* 33 (57 S. E. 1026); *Georgia, Fla. & Ala. Ry. Co.* v. *Jernigan*, 128 *Ga.* 501 (1) (57 S. E. 791); *Chambers* v. *Walker*, 80 *Ga.* 642 (3) (6 S. E. 165). In the instant case the record clearly shows, without dispute, that the

State's principal witness was an accomplice, and that this fact was virtually admitted by counsel for the defendant during the trial when he moved to rule out the testimony of that witness "on the ground that he is an accomplice in this case, and that his testimony has not been sufficiently corroborated."