26510. KRYDER, *alias* POPE, *v.* THE STATE.

DECIDED JANUARY 8, 1938.

*B. J. Dantone, James R. Venable,* for plaintiff in error.

*John A. Boykin,* solicitor-general, *J. W. LeCraw, Quincy O. Arnold,* contra.

GUERRY, J. ■ Where, in the trial of one of three persons jointly charged with the possession of burglary tools (Code, § 26-2701), one of the other joint defendants, who had entered a plea of guilty, appeared and testified for the State, the charge of the judge to the jury as follows: "Now, gentlemen, the defendant Charles McDonald appeared here as a witness in this case for the State and as a witness against the defendant James Pope Kryder. Charles McDonald of course admits he is an accomplice. He has filed a plea to this crime; and he being an accomplice in the case of a partner with the defendant, and having admitted to have been there, you would not be authorized to convict James Pope Kryder on the testimony of McDonald alone," was erroneous as an expression or intimation of an opinion by the judge as to what had been proved, and such error requires the grant of a new trial. § 81-1104; *Suddeth* v. *State,* 112 *Ga.* 407 (2, 3) (37 S. E. 747) ; *Golden* v. *State,* 45 *Ga. App.* 501 (165 S. E. 299) ; *Sellers* v. *State,* 41 *Ga. App.* 572 (153 S. E. 782) ; *Edwards* v. *State,* 4 *Ga. App.* 167 (60 S. E. 1033).

■ After stating the requirements of the Code, § 38-110, the judge charged the jury as follows: "You will notice the words reasonable doubt is used. A reasonable doubt means a doubt that arises in the mind of a reasonable man, not an unreasonable man. The State is not required to convince you beyond every possible doubt, every imaginary doubt, every fanciful doubt. The State is not required to convince you to a mathematical certainty as sure

and certain as four and four are eight. All that the law requires and demands in this case is that you, as reasonable and impartial jurors, be satisfied beyond a reasonable doubt, before you would convict the defendant, you must be satisfied as to his guilt beyond a reasonable doubt." This charge correctly expresses the legal meaning of the term reasonable doubt, and is not erroneous for any reason assigned. *Carr* v. *State*, 84 *Ga.* 250 (4) (10 S. E. 626); *Cobb* v. *State*, 11 *Ga. App.* 52 (74 S. E. 702); *Campbell* v. *State*, 144 *Ga.* 224 (3) (87 S. E. 277); *Flannigan* v. *State*, 13 *Ga. App.* 663 (2) (79 S. E. 745); *Lampkin* v. *State*, 145 *Ga.* 40 (3) (88 S. E. 563); *Wall* v. *State*, 153 *Ga.* 309 (6) (112 S. E. 142); *Newsome* v. *State*, 25 *Ga. App.* 191 (6) (102 S. E. 876); *Loyd* v. *State*, 26 *Ga. App.* 259 (7) (106 S. E. 601).

■ Conspirators are responsible for the acts of each other in carrying out the common purpose or design, although such acts may constitute another criminal offense. Consequently, where two or more persons enter into a conspiracy to commit burglary, and in attempting to carry out such felonious design either of them has in his possession burglary tools, such possession is the possession of all, and each is guilty of a violation of the Code, § 26-2701, prohibiting and punishing the possession of such tools. The judge's charge setting out substantially the above principle was not erroneous.

■ There is no requirement in our Code as to the particular form and order in which a judge should give applicable principles of law in charge to the jury. The thing of paramount importance is that the jury be given the controlling issues and the law applicable thereto. Therefore an assignment of error that the judge erred in giving at the outset of the charge the definition of the crime charged against the defendant is plainly without merit.

■ While every defendant is to be given the right of a thorough cross-examination of every witness that appears against him, and this right should not be abridged, yet it will not be held reversible error that the judge refused to allow a witness for the State to state, on cross-examination, what the solicitor-general tried to get the witness to testify to. The testimony was irrelevant and immaterial, and its exclusion from consideration of the jury, even if to some extent admissible, could not have been harmful to the defendant.

■ An objection to certain testimony of an officer and witness for the State, as to the saying of one jointly indicted with the defendant immediately before the time he was arrested, that the evidence was hearsay, was properly overruled, since there was some evidence which would have authorized the jury to infer that the defendant was present and heard the statement of his codefendant, and fled immediately thereafter upon the officer making his presence known.

■ A statement in the brief of counsel for plaintiff in error, that he does not care to argue certain grounds, will be treated as an abandonment of those grounds. A new trial is granted solely for the reason pointed out in the first division of this opinion.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. I do not think the charge set out in the first division of the opinion was error. It was favorable, not prejudicial, to the defendant.