### 30115. DEMONIA v. THE STATE.

DECIDED SEPTEMBER 15, 1943.

*Mrs. Charles Camp,* for plaintiff in error.
*Henderson L. Lanham, solicitor-general,* contra.

MacINTYRE, J. This is the third appearance of this case in this Court. See *Demonia* v. *State,* 66 *Ga. App.* 114 (17 S. E. 2d, 204); s. c. 68 *Ga. App.* 200 (22 S. E. 2d, 520). The defendant was charged with distilling or manufacturing and making alcoholic liquors, spirituous liquors, whisky and rum. The plea of not guilty filed by the defendant "is a contention on his part as to every material and essential fact necessary to establish his guilt and implies a denial of every such fact." *Southern Express Co.* v. *State,* 1 *Ga. App.* 700 (5) (58 S. E. 67). His statement to the jury was in effect that he had inadvertently just come up to where the still was in operation when the officers appeared; that he knew nothing about it and had nothing to do with it. Thus an issue was made as to whether the witness, who was referred to in that portion of

the charge excepted to, was an accomplice. Section 81-1104 of the Code forbids a trial judge to "express or intimate his opinion as to what has or has not been proved," and declares that should he violate this section, the reversal of the case is mandatory. The court charged the jury: "Gentlemen of the Jury, one of the witnesses testified in this case to having worked at this still for this defendant, and that, under the law, constitutes what is known as an accomplice." This was an expression or intimation of an opinion not only that the witness was an accomplice but that he was an accomplice of the defendant. Following the ruling made in *Davis* v. *State,* 91 *Ga.* 167 (17 S. E. 292); *Holtzendorff* v. *De Renne,* 129 *Ga.* 226 (58 S. E. 710); *Suddeth* v. *State,* 112 *Ga.* 407, 409 (37 S. E. 747); and *Cook* v. *State,* 40 *Ga. App.* 125 (149 S. E. 79), the charge now under consideration was erroneous, and a new trial must be granted.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*