31009. MIDDLETON *v.* THE STATE.

Decided September 19, 1945.

818

*R. N. Odum, C. L. Cowart,* for plaintiff in error.

*R. L. Dawson, solicitor-general,* contra.

BROYLES, C. J. Lee Middleton, L. C. Moffett, and George Joiner were jointly indicted for the offense of burglary. Middleton and Joiner were tried together and were convicted. Both filed a motion for new trial, but Joiner's motion was later withdrawn. Middleton's motion was denied, and that judgment is assigned as error.

The only evidence directly connecting Middleton with the offense charged was the testimony of Moffett, who swore that he, Joiner, and Middleton conspired together to commit the offense, and that Joiner was the one who entered the house and stole the money, although he (Moffett) and Middleton were on the outside of the house. There was no other evidence showing or tending to show that Middleton had any connection with the robbery. The stolen money was never recovered; and the evidence showed that Moffett (who testified for the State) had been convicted of murder or manslaughter and had served seven years in the penitentiary. The jury are not authorized to convict upon the uncorroborated testimony of an accomplice. "There must be some fact deposed to, independently altogether of the evidence of the accomplice, which, taken by itself, leads to the inference not only that a crime has been committed, but that the prisoner is implicated in it." *Smith* v. *State,* 189 *Ga.* 169, 173 (5 S. E. 2d, 762). The evidence was insufficient to authorize the jury to find that Middleton was implicated in the robbery. The court also erred in instructing the jury as follows: "I charge you as a matter of law that the codefendant, L. C. Moffett, a witness for the State, is an accomplice so far as your consideration of his testimony is concerned." The charge amounted to an expression of the court's opinion that the evidence demanded a finding that Moffett and some other person or persons had committed the offense charged, and was calculated to mislead the jury into believing that the court believed that Joiner or Middleton (or both of them) was implicated in the robbery. Code, § 81-1104; *Demonia* v. *State,* 69 *Ga. App.* 862 (27 S. E. 2d, 101), and cases cited. The denial of a new trial was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*