## 34078. MITCHELL v. THE STATE.

GARDNER, P. J. (a) The plaintiff in error, Gordon L. Mitchell (whom we shall call the defendant), was indicted together with Roy Mitchell, Claude Slayden, and Frank Thomas. The indictment contained 47 counts charging the defendant with larceny of automobiles. After severance, the defendant was tried separately. He was convicted on 26 of the 47 counts, the jury recommending a punishment of from one to five years on each count. The defendant was sentenced to serve a minimum of one year and a maximum of five years on each count, to be served consecutively. After conviction, the defendant filed his amended motion for a new trial consisting of three special grounds. The motion was denied, and the defendant assigns error on this judgment.

(b) Over 100 witnesses were introduced during the trial but, since the assignments of error on the general grounds are abandoned, we will not go into the evidence. We might state here also that demurrers were filed to the indictment and overruled by the court. Exceptions pendente lite were filed to the judgment overruling the demurrers. Error is assigned in the bill of exceptions on the overruling of the demurrers, but the exceptions are not argued and are, therefore, considered abandoned.

(c) This leaves, therefore, assignments of error on the three special grounds, and we will treat them together, since they are so related in substance. The first special ground assigns error on the admission in evidence of an alleged declaration of a codefendant to the witness giving the testimony after such codefendant was arrested and while he was confined in jail. This testimony was admitted by the court upon the principle that the declaration of a coconspirator during the existence of the conspiracy is admissible. The defendant contends that the alleged declaration was made after the arrest of the alleged conspirator and after the conspiracy had terminated, and that such declaration of such alleged coconspirator was immaterial and hearsay. The defendant made timely objections to the admission of such testimony. The judge at the time the evidence was offered stated to the jury in substance that, with reference to the question which was about to be propounded by counsel for the defendant, he desired to instruct the jury with reference to the answer; that the evidence would be admissible if it proved, as the law requires, that the conspiracy existed between the person who was alleged to have made this statement and the defendant. He instructed the jury that the existence or non-existence of the conspiracy was for the jury to decide and, if they found that the conspiracy did exist, then they would consider the evidence and give it such weight as they saw fit. But, if they found that no conspiracy existed, they would not consider the evidence. The second special ground complains of the admission of a purported written confession by Claude Slayden, an alleged coconspirator of the defendant, with reference to Slayden's connection with the automobile thefts for which the defendant was on trial. The third special ground assigns error on the charge, as follows: "An admission of one joint defendant or conspirator shall be admissible only against himself. The court charges

you that should you find in this case that any statement has been made by a joint offender or coconspirator before you would be authorized to consider such statement or any part thereof, you must believe from the evidence that a conspiracy existed and the court will give you the definition of a conspiracy a little further down, that a conspiracy existed between the person making the statement and the defendant on trial to do the thing or things charged in the indictment, and at the time this statement or statements were made, that said enterprise had not ended. - A conspiracy consists in a corrupt agreement between two or more persons to commit an unlawful act. This agreement may be established by direct proof or by inference as a declaration from conduct, which discloses a common design on the part of the person charged, to act together for the accomplishment of the unlawful purpose. If two or more persons should form an intent and purpose to commit a crime, and if in pursuance of such intent and purpose a crime should be committed as contemplated, the acts of each person done in the commission of the crime be attributable to, and as the acts of all persons aiding and abetting in the commission of the crime. If no conspiracy or concert of action be shown, each person would be responsible only for his own act." Error is assigned on this charge: (1) because it was erroneous and prejudicial; (2) not adjusted to the issues and the evidence; (3) tended to confuse and mislead the jury because the jury were left under the impression that, in the event they found that the State had once proved the existence of the conspiracy between the movant and the said defendant Slayden, the statements alleged to have been made by Slayden would be used for or against movant, even though made under the circumstances of this case as to the arrest and imprisonment of the defendant and movant; (4) the defendant further assigns error on said excerpt, because the evidence shows that the circumstances under which the statement of Slayden was made in point of time show that the conspiracy, if any, had terminated at the time of the statement made by Slayden, and that as a matter of law the conspiracy, if it ever existed, had terminated at the time of the statement made by Slayden.

(d) Therefore, we will here deal with the gravamen of the three special grounds. These are to the effect that the court erred in allowing a peace officer to relate what an alleged coconspirator, Slayden, related to the officer, after the arrest of Slayden and after the arrest of the defendant. It is contended by council for the defendant that the admission or confession or statement of one coconspirator is not admissible against another conspirator (the defendant) after the termination of the conspiracy. This statement is a correct principle of law. Code § 38-306 reads: "After the fact of conspiracy shall be proved the declarations by any one of the conspirators during the pendency of the criminal project, shall be admissible against all." Section 38-414 provides: "The confession of one joint offender or conspirator, made after the enterprise is ended, shall be admissible only against himself." So it is, if the evidence in this record shows that the conspiracy ended upon the arrest of the defendant and the coconspirator Slayden, then the admission of the evidence was error. But we are of the opinion that the evidence shows that, at the time of the narrative of Slayden, the

conspiracy had not terminated. In *Thompson* v. *State*, 58 *Ga. App.* 593 (2) (199 S. E. 568), the court said: "Acts, conduct and declarations of an accomplice during the pendency of the wrongful act, not alone in its actual perpetration, but also in its subsequent concealment, are admissible against another accomplice. In legal contemplation the enterprise may not be at an end so long as the concealment of the crime or the identity of all the conspirators has not been disclosed. Acts and declarations of such undisclosed conspirators, looking to the concealment of identity and the suppression of evidence, are admissible against other conspirators." It must be kept in mind that the defendant himself admitted that he had been engaged with Slayden and others in the theft of approximately one hundred automobiles, covering a period of approximately ten years, and that Slayden was the leader. This appears in the record from a written confession of the defendant and from other evidence. So, from this mass of evidence one can, with little difficulty, conclude that, at the time of the statement of which complaint is made and the confession of another of the conspirators, the conspiracy had not been terminated, and so far as this record is concerned is not now terminated. There is no other reasonable conclusion to be reached than that the court committed no error in admitting the evidence of which complaint is made in these special grounds, and the court did not err in the charge of which complaint is made in these grounds touching the principle of conspiracy.

(e) We might here state that if it were conceded and not decided, as contended by counsel for the defendant, that the evidence was illegally admitted, under the aliunde evidence aside from the evidence on which the assignments of error are made in the special grounds, we would be forced to affirm the conviction. As far back as 1876, in *Beck* v. *State*, 57 *Ga.* 351, Judge Bleckley, speaking for the Supreme Court, stated: "Even in a case of capital punishment, the verdict may be left to stand though some competent evidence was excluded on the trial if it be perfectly clear, beyond all doubt, that the conviction and punishment would be no less rightful with the excluded evidence in than with it out." Both the Supreme Court and this court have adhered to the principle which the Supreme Court laid down in that case. The Court of Appeals in *Miller* v. *State*, 69 *Ga. App.* 847 (2) (26 S. E. 2d, 851), stated: "The evidence is overwhelming that the defendant is guilty; and where such is the case, even errors in the admission or rejection of testimony, or in the charge of the court, will not operate so as to require a new trial." In the instant case, the record reveals that the defendant made a free and voluntary confession. He accompanied police officers and pointed out automobiles which he had taken part in stealing and, upon investigation, according to this record, his acts were proven to be true. The evidence against the defendant, together with his confession and acts, sustains his guilt overwhelmingly, aside from the confession and narrative of his alleged coconspirator, Slayden. In this view, the court did not err in denying the amended motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED MAY 30, 1952—REHEARING DENIED JUNE 13, 1952.

*Wilbur B. Nall, Ralph R. Quillian, Wesley G. Bailey,* for plaintiff in error.

*Roy Leathers, Solicitor-General, Clarence Peeler Jr.,* contra.