## 34802. MITCHELL v. THE STATE.

DECIDED OCTOBER 30, 1953.

*James R. Venable, John L. Respess,* for plaintiff in error.

*Roy Leathers, Solicitor-General, Clarence Peeler, Jr., Assistant Solicitor-General,* contra.

GARDNER, P. J. ■ ■ So far as the first question is concerned, we have set forth verbatim the demurrers to the indictment as a whole in order that we may determine whether or not they show reversible error in the light of the indictment. Counsel for the defendant called to our attention no decisions to sustain his contentions that the court erred in overruling the demurrers. We have been unable to find any decision anywhere to sustain the contentions on behalf of the defendant on these assignments of error. The court did not err in overruling the demurrers to the indictment as a whole.

■ We will now discuss the other demurrers to counts 3, 14, and 40. While counsel for the defendant calls our attention to no decision to sustain his contention as to these demurrers, we will state that this court has settled the question adversely to the defendant in *Carson* v. *State,* 22 *Ga. App.* 551 (2) (96 S. E. 500), as follows: "Under the ruling in the preceding paragraph, an indictment for the larceny of an automobile, which charges that the accused 'did wrongfully, fraudulently, and privately take, steal, and carry away, with intent to steal the same, one five-passenger Ford automobile the value of four hundred ($400.00) dollars and the property of W. C. Jones,' is sufficiently specific in the description of the property stolen, and it is not subject on that point to a special demurrer." The court committed no error in overruling the demurrer to counts 3, 14, and 40, the counts on which the defendant stands convicted.

■ Counsel denominates the first special ground as special ground 4. We prefer to call the first special ground, special ground 1. Therefore, we shall put the numbers used by counsel in parentheses following the numbers we prefer to use.

Special grounds 2, 3, 4, 5, 6, and 7 (denominated by counsel as 5, 6, 7, 8, 9, and 10) complain of charges and failure to charge on the part of the court. There are no special written requests. These contentions are without merit when we consider the charge as a whole.

Special grounds 8 and 9 (11 and 12) complain of statements made by the codefendant Claude Slayden in special ground 8, and codefendant Gordon L. Mitchell in special ground 9. This evidence was not inadmissible. The evidence in this record shows that the defendant in the instant case, his brother, Gordon L. Mitchell, and Claude Slayden were joint conspirators, and that the statements made by Claude Slayden and Gordon L. Mitchell were made during the course of the conspiracy and before it was ended. We dealt fully with this question in *Mitchell* v. *State,* 86 *Ga. App.* 292 (71 S. E. 2d 756). There is no point, as we see it, in reiterating this principle of law.

Special ground 10 (13) complains of the admission of photostatic records of certain documents from the State of Georgia Motor Vehicle Department. These photostatic copies were objected to because they did not come from the proper custodian of such documents and, therefore, they were not sufficiently proven. With reference to these records, Mrs. Inez Kenney testified as follows: "I am the custodian of these records. I brought them out here in response to a subpoena duces tecum." Counsel for the defendant not only contends that the documents did not come from the proper source, but also contends to the effect that they should have been presented to counsel before the trial. There was evidence to the effect that one of the documents was signed by the defendant, Roy Mitchell, in the presence of one Hatfield. We cannot conceive of any reason why these documents were not admissible, not only to prove conspiracy, but to prove the general knowledge and guilt of Roy Mitchell.

We wish to call attention to a statute passed by the General Assembly in 1950 (Ga. L. 1950, pp. 73, 74), which will now be found in the Publisher's Pocket Supplement to the Code of 1933, Code (Ann. Supp.) § 38-710, as follows: "Photostats, microphotographs and photographs of original writings:—Any photostatic or microphotographic or photographic reproduction of any original writing or record which may be or has been made in the regular course of business to preserve permanently by such reproduction the writing or record shall be admissible in evidence in any proceeding in any court of this State, and in any proceeding before any board, bureau, department, commission or agency of the

State, in lieu of and without accounting for the original of such writing or record. Any enlargement or facsimile of such reproduction shall likewise be admissible if the original of such reproduction is in existence and available for inspection under direction of the court or the agency conducting the proceeding." The contention as to special ground 10 (13) is without merit.

We have dealt with all the assignments of error save special grounds 1 (4) and 11 (14), and will now deal with them.

■ Special ground 1 (4) assigns error, on the ground that it was an expression of opinion by the court as to what had been proved in the case, upon the following excerpt from the charge: "The only defendant on trial in this case is Roy Mitchell. . . The other three defendants are not on trial, *but appear in this case as accomplices*, as to which the court will charge you and explain further along." The court thereafter, in a charge on conspiracy, stated, "The testimony of a single witness is usually sufficient to establish a fact. An exception to this rule is in the case of a felony where the only witness is an accomplice. In such cases, corroborating circumstances may dispense with another witness." No other charge on the meaning of accomplices was given.

The provisions of Code § 81-1104, forbidding the judge to express an opinion as to what has been proved, are mandatory, and a charge which discloses his opinion on an issue of fact cannot be treated as harmless. *Henderson* v. *State*, 14 *Ga. App.* 672 (82 S. E. 61); *Cole* v. *State*, 6 *Ga. App.* 798 (2) (65 S. E. 839). The court here, after charging that certain other witnesses jointly indicted *were* accomplices, went on to charge that the testimony of accomplices required corroboration, and thus emphasized the error. The following charges have been held reversible error: "The witness 'having been convicted, is an accomplice as a matter of law'." *Sellers* v. *State*, 41 *Ga. App.* 572 (153 S. E. 782). "One of the witnesses testified in this case to having worked at this still for this defendant, and that, under the law, constitutes what is known as an accomplice." *Demonia* v. *State*, 69 *Ga. App.* 862 (27 S. E. 2d 101). " 'I charge you as a matter of law that the co-defendant, L. C. Moffett, a witness for the State, is an accomplice so far as your consideration of his testimony is concerned.' " *Middleton* v. *State*, 72 *Ga. App.*

817, 818 (35 S. E. 2d 317). " 'Charles McDonald, of course, admits he is an accomplice. He has filed a plea to this crime; and he being an accomplice in the case of a partner with the defendant, and having admitted to have been there, you would not be authorized to convict James Pope Kryder on the testimony of McDonald alone.' " *Kryder* v. *State*, 57 *Ga. App.* 200 (194 S. E. 890). " 'I believe it is admitted in this case that Tommy Lyons was an accomplice.' " *Golden* v. *State*, 45 *Ga. App.* 501 (165 S. E. 299). " 'Now, you are to determine, gentlemen, whether or not he is an accomplice. He denies having anything to do with the commission of this offense himself; he states that he had nothing to do with it, and was not an accomplice.' " *Suddeth* v. *State*, 112 *Ga.* 407 (37 S. E. 747). Under authority of these cases, a statement that the codefendants "appear in this case as accomplices" is error, and a reversal for such error is mandatory.

■ In special ground 11 (14) error is assigned on the admission of certain testimony of a handwriting expert, who compared certain allegedly forged documents with others as to which there was proof of authenticity, on the ground that there had been no compliance with Code § 38-709, as follows: "Other writings, proved or acknowledged to be genuine, may be admitted in evidence for the purpose of comparison by the jury. Such other new papers, when intended to be introduced, shall be submitted to the opposite party before he announces himself ready for trial." It is admitted that the genuine documents were not submitted before announcement of ready for trial, but it is contended that this did not constitute error, because (1) photostats of some of the signatures were submitted, and (2) the documents had previously been submitted to counsel for the defendant in a like issue upon the trial of another case. As to the second contention, the defendant is entitled to know if such evidence for the comparison of signatures will be offered, by having the writing submitted to him before he announces ready, and the mere fact that the signature is admittedly genuine does not cure the error. *Beeland* v. *Clark*, 47 *Ga. App.* 77 (1) (169 S. E. 681). Therefore, submission of the same documents in another case does not put the defendant on notice that such documents are intended to be used in the case on trial, and does not give the defendant notice as contemplated by the statute.

Nor do we conceive that the provisions of Code (Ann. Supp.) § 38-710—which permit the introduction of photostatic copies of original writings or records made in the regular course of business to be introduced as original evidence in a case—have any bearing upon Code § 38-709. Code (Ann. Supp.) § 38-710 applies to situations where the contents of the document are sought to be introduced because the document itself has a bearing upon the issues sought to be proved, the test of admissibility being relevancy and materiality. Documents containing signatures introduced under the provisions of Code § 38-709 do not necessarily have any bearing upon the issue being tried, and their sole purpose is to establish a criterion by which the genuineness or forgery of the signature on some other document relevant to the cause may be established. In comparing handwriting, not only the size and shape of the letters, but the age of the ink, the pressure exerted, and numerous other factors are taken into consideration by the expert, and, theoretically, by the jury. The photostats in such circumstances do not serve the same purpose as the originals, for which reason submission of photostatic copies does not constitute compliance with the provisions of Code § 38-709. Furthermore, some of the documents were not tendered at all, either by original or photostat.

Special grounds 1 (4) and 11 (14) are meritorious and demand a reversal of the case.

We have not considered the general grounds, since the case is remanded for another trial and the evidence might be different.

The court erred in denying the amended motion for new trial.

*Judgment reversed.  Townsend and Carlisle, JJ., concur.*