### 35113. GORDY *v.* THE STATE.

GARDNER, P. J. 1. The defendant was convicted of burglary. He filed his motion for a new trial on the statutory grounds and later amended by adding two special grounds. The motion was denied. On this judgment he assigns error.

The State made a motion to dismiss the bill of exceptions under Rule 35 of the Court of Appeals (Code § 24-3635), which provides: "No motion to dismiss a writ of error will be considered unless notice of such motion and of the grounds thereof, in writing, be given to counsel for plaintiff in error five days before the case is called for argument." In the instant case the certificate of service, over the signature of the solicitor-general, shows that a copy of the motion to dismiss was mailed to counsel for the defendant "this the 3rd day of April, 1954." The case was on the Court of Appeals calendar for hearing April 7. This service was not the five days' service called for in Rule 35 of the Court of Appeals for service of a motion to dismiss the bill of exceptions. There is no merit in the motion to dismiss.

2. Special ground 1 complains because the court erred in charging the following excerpt: "Gentlemen, now this indictment charges a felony. The witnesses Watson and Pettis are jointly indicted with the defendant, Gordy, and therefore appear before the court as accomplices under said indictment. Usually the testimony of a single witness is sufficient to establish a fact. Exception to this rule is made in the case of a felony, where the only witness is an accomplice; in such case, corroborating circumstances may dispense with another witness. The corroborating circumstances referred to must be such as to connect the defendant with the perpetration of the crime, and tend to show his participation therein." Movant avers that such charge was erroneous for the reasons that: (a) it was an expression of opinion by the court as to what had been proven in the case; and (b) the excerpt from the charge was misleading to the jury in that it was an expression of the court that a conviction of burglary had been returned against Watson and Pettis, the joint defendants. At the time of the charge of the court, an excerpt from which is set out above, the other two defendants had not been tried and had not pleaded guilty. In *Mitchell* v. *State*, 89 *Ga. App.* 80, 85 (78 S. E. 2d 563), this court had before it an almost identical charge, and the trial court was reversed on this point. See the many citations in that case. The court committed reversible error in this excerpt from the charge.

3. Special ground 3 is not specifically argued by counsel for the defendant, and is therefore considered abandoned.

The general grounds are not considered, since the case may be tried again.

*Judgment reversed.* *Townsend and Carlisle, JJ., concur.*

DECIDED APRIL 29, 1954.

*Crawley & Crawley,* for plaintiff in error.
*John J. Flynt, Jr., Solicitor-General,* contra.