35412. BROCK *v.* THE STATE.

DECIDED NOVEMBER 30, 1954.

*George L. Goode, Gross & Smith, Lamar N. Smith,* for plaintiff in error.

*Carey Skelton, Solicitor-General, Johnson & Johnson,* contra.

TOWNSEND, J. ■ The first special ground, designated as ground 4, complains that the trial judge nowhere in his charge sufficiently defined reasonable doubt, nor correctly charged on the presumption of innocence. Where the court charges in effect that the defendant is presumed in law to be innocent until and unless the evidence satisfies the minds and consciences of the jury beyond a reasonable doubt of his guilt, and that, if they do not believe he is guilty beyond a reasonable doubt of the

offense charged, it is their duty to acquit, the words "reasonable doubt" are plain and it is not necessary to further interpret the term to the jury. *Battle* v. *State*, 103 *Ga.* 53, 57 (29 S. E. 491); *Floyd* v. *State*, 58 *Ga. App.* 867 (2) (200 S. E. 207). The charge is not subject to criticism on this ground.

The principle that there is a presumption of innocence in favor of the accused, which in itself constitutes an instrument of proof in his behalf, is fundamental to the administration of the criminal law. *Coffin* v. U. S., 156 U. S. 432 (15 Sup. Ct. 394, 39 L. ed. 481); *Butts* v. *State*, 13 *Ga. App.* 274 (1) (79 S. E. 87). It is therefore error to fail to charge the jury in a criminal case substantially to the effect that the defendant enters upon his trial with the presumption of innocence in his favor, and that this presumption of innocence remains with him throughout the trial and until his guilt is established by proof (*Reddick* v. *State*, 11 *Ga. App.* 150, 74 S. E. 901), and it is also error to fail to charge on that quantum of proof which is necessary to establish guilt beyond a reasonable doubt.

The charge here, although not so full as it might have been, did substantially meet these requirements, and did not constitute reversible error.

■ Special grounds 5 and 6 complain of errors in the charge on the subject of accomplices. Of these, one is so serious as to necessitate a reversal of this case. The court charged, "The State has offered the testimony of an accomplice." Such statement, which declared the witness to be an accomplice instead of leaving it to the jury to decide from the evidence whether or not this had been proved, is a violation of the inhibition expressed in Code § 81-1104 against an expression by the trial court as to what has been proved in the case. *Sellers* v. *State*, 41 *Ga. App.* 572 (153 S. E. 782); *Demonia* v. *State*, 69 *Ga. App.* 862 (27 S. E. 2d 101); *Middleton* v. *State*, 72 *Ga. App.* 817 (35 S. E. 2d 317); *Kryder* v. *State*, 57 *Ga. App.* 200 (194 S. E. 890); *Suddeth* v. *State*, 112 *Ga.* 407 (37 S. E. 747). This case is distinguishable from *Hamby* v. *State*, 82 *Ga. App.* 7 (60 S. E. 2d 635), cited by counsel for the plaintiff in error, in that there the charge, as interpreted by the majority opinion of this court, was not an expression of opinion as to what had been proved but only a statement as to a contention of one of the parties. The court

there charged: "The State . . . relies in part on what is known as the testimony of an accomplice. And I give you this principle of law to govern you there." Here the court stated as a fact that the State had offered the testimony of an accomplice. Such an expression of opinion makes reversal mandatory, but it was especially harmful in this case in that the case was based almost in its entirety upon the testimony of three alleged accomplices.

■ Special grounds 7 and 8, complaining of the admission of testimony, are too incomplete for consideration, in that they fail to show that the testimony was objected to at the time it was offered, the grounds of objection, or any ruling thereon. *Mapp* v. *State*, 26 *Ga. App.* 479 (1) (106 S. E. 801). The general grounds of the motion for new trial are not passed upon as the case is to be tried again.

The trial court erred in denying the motion for a new trial for the reasons set out in the second division of this opinion.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*