38193, 38194, 38195. MILLWOOD v. THE STATE
(three cases).

DECIDED JULY 13, 1960.

*Frank B. Stow, Robert E. Andrews,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General,* contra.

CARLISLE, Judge. ■ Special ground 1 assigns error on the following portion of the charge: "Now, I charge you, Gentlemen of the jury, that where it is admitted by a party on the witness stand that he did participate in the crime and admitted that he entered a plea of guilty of the commission of the crime, then, I charge you, that would establish beyond any question the fact that such witness, who may have testified in the case, was an accomplice in the matter and you would be governed by the rules the court will give you in charge regarding the testimony of an accomplice."

Special ground 2 contends that the court erred in charging the jury as follows: "I charge you further that, if the witness himself could have been or was indicted for the offense or offenses in this case which you are trying, either as principal or as an accessory, then, in that event, he would be an accomplice. And I charge you that the witnesses who did testify admitted their participation in the crime and I charge you under the law they would be accomplices." Error is assigned on these two portions of the charge on the ground that they are abstractly

incorrect, and on the ground that the court in so charging intimated or expressed its opinion as to the existence of facts which had been proved in the case in violation of the provisions of *Code* § 81-1104.

" 'An accomplice is one who is present at the commission of a crime, aiding and abetting the perpetrator, or who could be convicted of the crime as an accessory before the fact.' *Street v. State,* 179 Ga. 636 (176 S. E. 632); *Birdsong v. State,* 120 Ga. 850 (48 S. E. 329); *Baker v. State,* 121 Ga. 189 (2) (48 S. E. 967); *Lanier v. State,* 187 Ga. 534, 541 (1 S. E. 2d 405)." *Mills v. State,* 193 Ga. 139, 148 (17 S. E. 2d 719). Thus, unless both parties involved, that is, both the defendant and the witness who testifies against him, are guilty of engaging in the criminal enterprise, neither is an accomplice of the other. The court in this case so instructed the jury by stating in connection with the instructions complained of: "Participation in the commission of the same criminal act and in the execution of a common criminal intent is necessary to render one criminal, in a legal sense, an accomplice of another criminal. Although a person may have been present at or near the scene of the crime, if he did not in any way aid, abet, procure or participate in it he would not be an accomplice." He also charged as quoted above: "The witnesses who did testify admitted their participation in the crime and I charge you under the law they would be accomplices." This instruction is subject to the interpretation that the court meant to say the two witnesses for the State were accomplices *of each other* and not necessarily of the defendant, but it is also subject to the interpretation that the court instructed that these witnesses, who admitted their guilt, were accomplices of the defendant, which amounts to an expression of opinion that the defendant is guilty since, as the court also stated, one cannot be an accomplice unless he is guilty of the crime *in connection with* another who is also guilty of the crime. Since error in the charge is presumptively harmful, and since it cannot be said the jury did not receive this meaning from the charge, the exception is well taken.

The preceding sentence complained of is: "If the witness him-

self could have been or was indicted for the offense either as principal or accessory, then he would be an accomplice." Of a very similar charge Justice Jenkins, in *Harris v. State,* 191 Ga. 555 (11) (13 S. E. 2d 459) had this to say: "The court charged as follows: 'If the witness himself could have been indicted or has been indicted for the offense, either as principal or as an accessory, then and in that event he would be an accomplice.' This charge had reference to the testimony of the alleged principal who was jointly indicted and had been previously convicted, and who testified for the State in this case. In giving this charge, the court was instructing the jury upon the rule that, in order to convict of a felony on the testimony of an accomplice, such testimony must be corroborated either by other direct testimony or by proof of corroborating circumstances. The particular language excepted to, however, appears to have been inappropriate, and might have been confusing and misleading, inasmuch as the indictment, or even the prior conviction, of a principal does not establish the complicity of another, and in this case whether or not the *defendant* was an accomplice was one of the vital issues in the case."

*Mitchell v. State,* 89 Ga. App. 80, 85 (78 S. E. 2d 563) was reversed because of the charge that "the other three defendants are not on trial *but appear in this case as accomplices,"* and goes on to state: "The following charges have been held reversible error: 'The witness "having been convicted is an accomplice as a matter of law." ' *Sellers v. State,* 41 Ga. App. 572 (163 S. E. 782). 'One of the witnesses testified in this case to having worked at this still for this defendant, and that, under the law, constitutes what is known as an accomplice.' *Demonia v. State,* 69 Ga. App. 862 (27 S. E. 2d 101). ' "I charge you as a matter of law that the co-defendant, L. C. Moffett, a witness for the State, is an accomplice so far as your consideration of his testimony is concerned." ' *Middleton v. State,* 72 Ga. App. 817, 818 (35 S. E. 2d 317). ' "Charles McDonald, of course, admits he is an accomplice . . . [so] you would not be authorized to convict James Pope Kryder on the testimony of McDonald alone." ' *Kryder v. State,* 57 Ga. App. 200 (194 S. E. 890). ' "I believe it is admitted in this case that

Tommy Lyons was an accomplice."' *Golden v. State,* 45 Ga. App. 501 (165 S. E. 299)." The charge complained of in the first two special grounds was accordingly reversible error.

■ The trial court charged the jury the law with respect to the corroboration of testimony of an accomplice, charging in substance that such testimony might be corroborated by evidence of facts and circumstances consistent with the guilt of the defendant or that an accomplice might be corroborated by the testimony of another accomplice. In special ground 3 of the motion this charge is assigned as error, the substance of the assignment being that, in so far as the charge instructed the jury that one accomplice might be corroborated by the testimony of another accomplice, it was unsound as an abstract principle of law. "One may be legally convicted of a felony other than treason or perjury where the *only* evidence directly connecting him with the offense charged is the testimony of an accomplice, and where the *only* corroboration is the testimony of other accomplices." (Italics ours.) *Pope v. State,* 171 Ga. 655 (156 S. E. 599) ; *Crowe v. State,* 83 Ga. App. 325 (63 S. E. 2d 682). The charge was not incorrect as an abstract proposition of law. Neither did the charge complained of constitute an expression of opinion by the court as to the existence of facts proven in the case. The argument in the brief of counsel for the plaintiff in error that the cases cited in support of the ruling here made are distinguishable from this case in that in those cases there were other facts and circumstances sufficient to corroborate the testimony of the accomplice, if true, does not present any question for decision by this court with respect to this special ground of the motion for a new trial since this ground does not amount to an assignment of error on the sufficiency of the evidence to support the verdicts in these cases.

■ The court charged the jury as follows: "Now, gentlemen of the jury, the State contends the defendant has made an admission pertaining to some property connected with it— whether it was his or not, and the court doesn't say it was, but the State contends he made an admission as to the ownership of certain property that was in the possession of the City of Gainesville. Whether that is true or not is a matter for your

determination and I give you the rules of law pertaining to admissions:

"An admission as applied to criminal cases is the avowal of a fact or circumstance by the defendant, not amounting to a confession of guilt but tending to prove the offense, and from which guilt may be inferred. An incriminating statement is one made by the defendant which tends to establish the guilt of the accused, or one from which, together with other proven facts, if any, guilt may be inferred, or one which tends to disprove some defense set up by the accused.

"Admissions and incriminating statements are not direct but circumstantial evidence and should be scanned with care and received with great caution. The jury may believe admissions or incriminatory statements in whole or in part, believing that which they find to be true and rejecting that which they find to be untrue."

This charge is assigned as error in special ground 4 on the ground that it was not authorized by the evidence since there was no evidence pertaining to any admission by the defendant and on the ground that it amounted to an expression of an opinion by the court to the jury as to what facts had been proved. There was testimony in the case by one of the witnesses for the State that certain property had been taken from the possession of one of the codefendants, and that the defendant had come in and claimed the property as belonging to him. The property included an automobile which the defendant claimed as his, and also a .22 caliber pistol which, under the testimony the defendant contended was in the glove compartment of the automobile, the witness testifying that the defendant had stated that he had loaned the automobile to the codefendants. This charge was not subject to the criticism leveled at it in this ground of the motion and was not reversible error for any reason assigned.

■ Special grounds 5, 6 and 7 assign error on portions of the charge to the jury. In the first portion, the trial judge defined the offense of burglary and instructed the jury that if there was a breaking and entering of the places as alleged in the indictments for the purpose of committing a larceny or a

felony and that if the jury was satisfied that "they committed the offense," as alleged in the indictment or in all of the indictments or that if the offense was committed by the defendant in conjunction with the others and if the evidence satisfied their minds beyond a reasonable doubt it would be their duty to convict the defendant of the offense of burglary. It is contended in connection with this portion of the charge that the court expressed an opinion that the defendant acted in concert with others and that the defendant was guilty of the offense charged. In another portion of the charge excepted to in these grounds the judge instructed the jury that the State contends that there was a conspiracy or corrupt agreement existing between the defendant and the other parties in the case, and, "I, therefore, give you the rules of law pertaining to conspiracy." In the final portion of the charge excepted to, the court instructed the jury, "Now, gentlemen of the jury, it is contended that there is involved in this case the acts and testimony of alleged accessories in the case and I, therefore, give you these rules of law pertaining to accessories." Following each of these latter portions of the charge the judge charged the jury fully with respect to the matters therein referred to. It is contended that in these portions of the charge the court expressed an opinion that a conspiracy had been proved and that testimony had been given by accessories.

In considering whether a charge excepted to is error, as pointed out in the first division of this opinion, it is proper that it be considered in its context and in connection with the entire charge. "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, but when put together and considered as a whole may be perfectly sound. *Brown v. Matthews*, 79 Ga. 1 (4 S. E. 13)." *Buttersworth v. State*, 200 Ga. 13, 24 (2) (36 S. E. 2d 301). The charge in the instant case was full and fair to the defendant. The judge fully instructed the jury as to what facts must be shown by the evidence to render the defendant liable for the acts of his coconspirators. It was not necessary or proper for the trial judge in instructing the jury to repeat in immediate connection with each proposition of law charged all the qualifications and ex-

ceptions applicable to it. To require him to do so would so lengthen and complicate the charge as to render it impossible to ever charge the jury fully and completely.

It is true that the evidence clearly showed that the defendant here on trial did not directly or actively participate in any of the alleged burglaries. The State's cases against the defendant depended entirely on proof of a conspiracy between the defendant here on trial and the other parties who had already pleaded guilty and who testified against the defendant here. The jury could not well have misunderstood these facts and the law applicable to them. None of these special grounds of the motion for a new trial show harmful or reversible error.

■ As to the general grounds of the motions for a new trial, it is sufficient to say that in cases 38194 and 38195 at least two of the accomplices, who had pleaded guilty of the same offense, testified to the acts of the defendant in conspiring with them to perpetrate the burglaries and to the perpetration of the criminal acts charged. Their testimony alone was sufficient to authorize the conviction of the defendant in those two cases. *Pope v. State*, 171 Ga. 655, supra. However, as respects the charge in case 38193 relating to the burglary at Tev., Inc., the only evidence in the case tending to connect the defendant with that burglary was the testimony of James Lingerfelt, who had pleaded guilty and whose testimony showed him to be, if anything, an accomplice of the defendant here. No other accomplice testified as to the defendant's participation in that burglary, and as a matter of fact Lingerfelt's testimony showed that he alone perpetrated the actual burglary itself after conspiring with the defendant. The mere circumstance that the defendant was working at the place burglarized at the time of the commission of the crime was not a sufficient corroboration of the testimony of the accomplice to authorize his conviction. While, of course, it is not required that the corroboration shall of itself be sufficient to warrant a verdict or that the testimony of the accomplice be corroborated in every material particular (*Hargrove v. State*, 125 Ga. 270, 274, 54 S. E. 164), where the State relies on other facts and circumstances in evidence to corroborate the testimony of an accomplice, those

facts and circumstances "must be such as go to connect the prisoner with the offense and . . . it is not sufficient that the witness is corroborated as to the time, place and circumstances of the transaction, if there be nothing to show any connection of the prisoners therewith except the statement of the accomplice." *Childers v. State*, 52 Ga. 106. The evidence in this case with respect to the burglary of Tev., Inc., aside from Lingerfelt, was as consistent with the guilt of any other employee of the burglarized firm as with the guilt of the defendant and it was not sufficient to meet the test stated above and it, therefore, did not authorize the verdict of guilty.

For the reasons stated in divisions 1 and 5 of the opinion the trial court erred in overruling the motion for a new trial in each case.

*Judgments reversed. Gardner, P. J., and Townsend, J., concur.*