## 51774. JONES v. THE STATE.

EVANS, Judge.

Defendant was convicted of burglary and sentenced to serve a term of 15 years. A motion for new trial was filed and denied, and defendant appeals. *Held:*

1. The first and second enumerations of error are that the court intimated and expressed its opinion as to the evidence of fact in its charge on whether one of the witnesses was an accomplice of the defendant. This occurred during the charge as to the burden of proof if the jury determined said witness was an accomplice. The court properly charged the law as to corroboration in the event the jury determined the witness was an accomplice, but his very last statement clearly could be construed by the jury to the effect that the witness was an accomplice. The court charged as follows: "However, I charge you that *there has been only one accomplice that has testified in this case.*" (Emphasis supplied.) This statement by the court that there was only one accomplice that has testified was an impermissible expression of opinion by the court. The court erred in so charging. See *Middleton v. State,* 72 Ga. App. 817, 818 (35 SE2d 317); *Kryder v. State,* 57 Ga. App. 200 (194 SE 890); *Millwood v. State,* 102 Ga. App. 180 (115 SE2d 829).

2. All other enumerations of error involved whether there was sufficient evidence to convict the defendant. These enumerations of error are not meritorious. Both the circumstantial and direct evidence, including the testimony of the defendant accomplice, are sufficient to support the conviction.

3. But for the reason stated in Division 1, the judgment is reversed.

*Judgment reversed. Pannell, P. J., and Marshall, J., concur.*

SUBMITTED FEBRUARY 3, 1976 — DECIDED MARCH 1, 1976.

*John R. Laseter,* for appellant.

*John T. Strauss, District Attorney,* for appellee.