### 7803.   PONDER *v.* THE STATE.

HODGES, J.   1.   On the trial of one charged with keeping and maintaining a gaming-house, if the State shows that the accused was criminally connected by act and intent with the commission of the offense, it is sufficient to convict, as all concerned in the commission of a misdemeanor are in law principals.

2. The evidence in the case was sufficient to overcome the presumption of innocence in favor of the accused, and to exclude every other reasonable hypothesis than that of his guilt.

3. The court did not err in charging the jury that "The defendant is presumed to be innocent, and the burden is upon the State to establish his guilt, not with mathematical precision and certainty, but to a moral and reasonable certainty and beyond a reasonable doubt." This instruction was not misleading to the jury. It is inapt for the trial judge on the trial of a criminal case to charge on the preponderance of evidence, and the trial judge did not err in failing to instruct the jury in the terms of sections 1012 and 1013 of the Penal Code.

4. A "reasonable doubt" means just what the words imply. It can not be defined in accurate terms, and the failure on the part of the court

to endeavor to enlighten the jury as to what these words mean is not error. *Battle* v. *State*, 103 *Ga.* 53 (2), 57 (29 S. E. 491).

5. It is not error, on the trial of one charged with keeping and maintaining a gaming-house, to charge the jury as follows: "If you are satisfied, from the evidence, that the accused contributed or aided in maintaining and keeping a gaming-room, that would be sufficient to sustain the case. It is not necessary that the person charged with the offense shall be wholly in control of the establishment. If you find that whatever was done, if anything was done, by the defendant as a part of something connected with the keeping and maintaining of a gaming-room, that would be sufficient to maintain the indictment. If he does any act connected with the keeping and maintaining of the gaming-house, or in aid thereof, he would share the responsibility, even though such place may have been operated by another."

6. This being a case of direct evidence, and not solely dependent on circumstantial evidence, the court did not err in failing to instruct the jury on the law governing and controlling cases of circumstantial evidence.

7. The court did not err in instructing the jury as follows: "The question, and only question, for the jury to determine and pass upon in this case is whether or not the evidence satisfies the jury, with the degree of certainty indicated, that the defendant violated the provisions of law read to you as applicable to this case. If so satisfied, then it would be the duty of the jury to convict the defendant. If not so satisfied, or you have a reasonable doubt as to the defendant's guilt, then it would be the duty of the jury to acquit the defendant."

8. The evidence authorized the verdict.     *Judgment affirmed.*

DECIDED OCTOBER 18, 1916.

Indictment for keeping gaming-house; from Glynn superior court—Judge Highsmith. August 2, 1916.

*Bolling Whitfield, Max Isaac,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.