20093. SOUTHERN RAILWAY COMPANY *v.* GROOVER.

BELL, J. 1. The evidence authorized the verdict.

2. The instruction embodied in the defendant's request to charge was substantially given in the charge of the court to the jury. *McKie* v. *State*, 165 *Ga.* 210 (6) (140 S. E. 625); *Ga. Ry. & Power Co.* v. *Head*, 155 *Ga.* 337 (116 S. E. 620).

3. In a suit to recover for damage to the plaintiff's automobile, and for a personal injury to himself resulting in reduced earning capacity, and for pain and suffering, an instruction that if the jury found for the plaintiff they "might also find some amount for pain and suffering," contained no expression of opinion by the court that the plaintiff ought to recover for pain and suffering; and hence it did not tend to violate the provisions of section 4863 of the Civil Code.

4. Where the trial occurred more than a year after the plaintiff's injury, and the nature and character of the injury and his then present condition were fully described, with testimony that his injuries were in part permanent, and that his earning capacity had been permanently reduced, and where there was evidence as to his daily earning capacity and also as to what he had earned yearly before his injury, and as to the kinds of work in which he had been engaged and was fitted for, it can not be said that the instruction upon the question of the plain-

tiff's right to recover damages resulting from a diminution in his earning capacity was without any evidence whatever to warrant it. *Dixon* v. *Cassels Co.*, 34 *Ga. App.* 478 (3) (130 S. E. 75), and cit. The present case is distinguished from such cases as *City of Atlanta* v. *Jolly*, 39 *Ga. App.* 282 (146 S. E. 770), *Atlantic Coast Line R. Co.* v. *Anderson*, 35 *Ga. App.* 292 (4) (133 S. E. 63), *Rome Ry. & Light Co.* v. *Duke*, 26 *Ga. App.* 52 (105 S. E. 386), *Atlanta & West Point R. Co.* v. *Haralson*, 133 *Ga.* 235 (65 S. E. 437), and *City Council of Augusta* v. *Owens*, 111 *Ga.* 464 (36 S. E. 830). Compare *Southern Ry. Co.* v. *Reed*, 40 *Ga. App.* 332 (8) (149 S. E. 582).

5. In an action for a tort, where there is some fixed rule for measuring the damages, the jury may, under proper circumstances, increase the amount by including the equivalent of interest as a part of the damages sustained. *Central R.* v. *Sears*, 66 *Ga.* 499; *Western & Atlantic R. Co.* v. *McCauley*, 68 *Ga.* 818; *Gress Lumber Co.* v. *Coody*, 104 *Ga.* 611 (30 S. E. 810); *Maryland Casualty Co.* v. *Lanham*, 124 *Ga.* 859 (4) (53 S. E. 395). But "where the damages found are discretionary or punitive, this rule does not apply." *Central Ry. Co.* v. *Hall*, 124 *Ga.* 332 (12), 338 (52 S. E. 679, 4 L. R. A. (N. S.) 898, 110 Am. St. R. 170, 4 Ann Cas. 128); *Western & Atlantic R. Co.* v. *Brown*, 102 *Ga.* 13, 15 (29 S. E. 130). Damages are "discretionary" when, as for pain and suffering, they are to be measured only by the enlightened consciences of impartial jurors. "Sums ascertainable only by the enlightened consciences of impartial jurors do not bear interest before verdict, either as interest or as damages, with or without discretionary allowance by the jury." *Western & Atlantic R. Co.* v. *Young*, 81 *Ga.* 397, 415 (7 S. E. 912, 12 Am. St. R. 320). The decision in *Davis* v. *Jones*, 34 *Ga. App.* 7 (8) (129 S. E. 892), apparently overlooked this principle, and was to that extent incorrect.

6. Since, under the pleadings and the evidence in the instant case, the jury could have found a sum for pain and suffering, and the court instructed the jury upon the plaintiff's right to recover for such cause, a charge that if the jury should find in favor of the plaintiff, then, in arriving at a just amount, they might "take into consideration the legal rate of interest in this State, which is seven per cent. per annum," was erroneous as permitting the jury to include interest as a part of the damages recoverable for pain and suffering; but since this error could not have resulted in increasing the plaintiff's recovery more than $134.38, although the verdict might have been enlarged by approximately this sum, it being uncertain as to what amount the jury allowed either for damage to the automobile or for diminution in the plaintiff's earning capacity, the judgment is affirmed upon condition that the plaintiff write off this amount from his recovery, at the time the remittitur from this court is made the judgment of the court below; otherwise the judgment is reversed. *Seaboard Air-Line Ry.* v. *Bishop*, 132 *Ga.* 71 (63 S. E. 1103).

*Judgment affirmed on condition. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 19, 1930. REHEARING DENIED SEPTEMBER 6, 1930.

748

*Maddox, Sapp & Maddox,* for plaintiff in error.
*William E. Mann, W. Gordon Mann,* contra.