614

20499. GEORGE *v.* McCURDY *et al.*, executors.

*Augustine Sams, C. H. Feagan,* for plaintiff.

*Scott Candler, Julius A. McCurdy,* for defendants.

Bell, J. M. M. George brought suit against J. S. McCurdy upon two promissory notes made by the defendant to the plaintiff, as follows: One note dated March 14, 1906, for $400, due nine months after date, and one dated March 21, 1906, due 60 days after date. Before the trial, but after giving depositions, the defendant died and his executors were made parties in his stead. A plea of payment was filed, and this was the sole defense. The jury found in favor of the defendant executors upon this plea, and the plaintiff excepted to the refusal of a new trial.

1. After the defendant executors had introduced evidence in support of the plea of payment, they having the burden of proof, the plaintiff was sworn in rebuttal and denied that the notes were paid. The defendants then introduced ten witnesses, who qualified as character witnesses and testified that they would not believe the plaintiff on oath. The plaintiff then introduced twenty-nine witnesses, who testified to his general good character and that they would believe his testimony. Much other evidence was introduced, including the depositions of the original defendant, J. S. McCurdy, taken before his death.

The court charged the jury as follows: "In determining where the greater weight or preponderance of the evidence lies in this case, you will consider the witnesses as they are presented to you, their manner of testifying, their interest or want of interest in the outcome of the case, their bias or prejudice, if any, their means and opportunities for knowing the facts to which they testified, the nature of the facts testified to by the witnesses. You may take also into consideration their personal credibility so far as the same may legitimately appear in the trial of the case. I charge you further that the preponderance of evidence is not necessarily with the greater number of witnesses." Error is assigned upon this charge, upon the ground that it was not a complete statement of the law upon the subject dealt with, in that it omitted the statement that

"the jury may also consider the number of the witnesses," in determining where the preponderance of evidence lies, as provided in the Civil Code, § 5732. We do not think this assignment shows such material error as to require a new trial. Counsel for the plaintiff in error cite and rely upon the case of *Hinson* v. *Hooks, 27 Ga. App.* 430 (108 S. E. 822), wherein it was held that where, upon the controlling issue, the plaintiff introduced a single witness and the defendant several witnesses, and where the court gave in charge to the jury a part of section 5732 as to how the preponderance of evidence is to be determined, it was harmful error as against the defendant to omit that part of the section which provides that "the jury may also consider the number of the witnesses, though the preponderance is not necessarily with the greater number." The present case is distinguished, however, from the *Hinson* case, in which the disparity was as to the number of witnesses testifying upon "the controlling issue." The complaint here is predicated solely upon the fact that the defendant introduced ten witnesses, who swore that they would not believe the plaintiff on oath, and that the plaintiff introduced the larger number of twenty-nine witnesses, who testified that they would so believe him. It is thus seen that the witnesses were testifying only as to a collateral or incidental matter, namely the credibility of the plaintiff as a witness; whereas the controlling issue was whether or not the notes had been paid, as alleged in the plea. See further, in this connection, *Rome Railway & Light Co.* v. *King, 33 Ga. App.* 383, 386 (126 S. E. 294) ; *Atlanta Gas-Light Co.* v. *Cook, 35 Ga. App.* 622 (5) (134 S. E. 198) ; *Farmers State Bank* v. *Kelley, 166 Ga.* 683 (144 S. E. 258). In *Dickerson* v. *State, 121 Ga.* 136 (48 S. E. 942), it was said that the number of witnesses has but slight bearing upon the question of preponderance. Cf. *Kinnebrew* v. *State, 80 Ga.* 232 (5) (5 S. E. 56) ; *Palmer-Murphey Co.* v. *Barnett, 32 Ga. App.* 635 (6) (124 S. E. 538). In *Mills* v. *Pope, 20 Ga. App.* 820 (3) (93 S. E. 559), the court charged as follows: "A preponderance of evidence does not necessarily lie with the number of witnesses, but is the greater weight of the evidence." This court, speaking through Judge George, held: "This is a correct statement of the law, and the charge given is not erroneous because the court failed to add that, in determining where the preponderance of evidence lies in the case, the jury may take into consideration the

number of witnesses. There was no request for a specific instruction to this effect."

2. In another ground of the motion for a new trial complaint is made that the same charge was erroneous because it omitted to say that "the jury may take into consideration the intelligence of the witnesses and the probability or improbability of their testimony." It is contended that a part of the testimony of McCurdy, the maker of the notes, was improbable, and that for this reason the jury should have been instructed as to their province in considering the probability or improbability of the testimony. In our opinion, an instruction of this sort would not be necessary in order to insure a proper consideration and appraisal of the testimony by the jury. Trial jurors are themselves selected for their intelligence and uprightness (Civil Code of 1910, § 6546), and would hardly need to be told that in weighing the evidence they might or should take into consideration the intelligence or lack of intelligence on the part of the witnesses, or the probability or improbability of their testimony. At least it was not error to omit to instruct the jury as to these subjects, in the absence of a timely written request. A similar, though not identical, question was made in *Southern Bell Tel. Co.* v. *Shamos,* 12 *Ga. App.* 463 (6) (77 S. E. 312.), in which it was said: "The court charged the jury that in passing upon the credibility of the witnesses and determining where the preponderance of evidence lies, they were authorized to consider various things, and omitted to enumerate the interest or want of interest of the witnesses. This omission of the trial judge was doubtless inadvertent. At any rate, the inaccuracy is not of sufficient materiality to require another trial. It was as much error against one party as the other, and any intelligent jury would know as a matter of common experience, and take into account in reaching their verdict, the fact that human testimony is often colored by the interest of the witnesses. Had they been instructed not to do so, the error would be harmful, but merely to omit an instruction that they might take the interest of the witness into account would, ordinarily, not require a new trial." See further, in this connection, *Freeman* v. *Coleman,* 88 *Ga.* 421 (3) (14 S. E. 551) ; *Freeman* v. *State,* 112 *Ga.* 48 (37 S. E. 172) ; *Cole* v. *Byrd,* 83 *Ga.* 207 (3) (9 S. E. 613) ; *Patterson* v. *State,* 134 *Ga.* 264 (3), 267 (67 S. E. 816).

3. The plaintiff assigned error also upon the following charge: "Mere lapse of time short of the period fixed by the statute of limitations as a bar to a suit on a note, would not of itself raise the presumption of payment, but the jury may take into consideration the length of time in connection with other circumstances, in determining whether the facts proven would raise the presumption of payment." It is contended that this charge was erroneous because the court failed to instruct the jury "that the presumption was a rebuttable one," and it is claimed that this alleged error was emphasized by a further charge which the court gave to the jury, as follows: "You could consider not only the length of time since the debt was made but the condition of the parties and the ability of defendant to pay; their transactions with each other, and everything affecting their mutual relations which has been offered before you in evidence, if any, and determine whether or not the evidence was sufficient to sustain the plea of payment."

It is contended that these two excerpts, when taken together, contain an expression of opinion that the evidence for the defendant had raised a presumption of payment, and were erroneous because the court failed to inform the jury that the presumption might be rebutted or overcome, and in what manner this might be done. The use of the word "presumption" in the charge was perhaps inapt, but it is clear from the context that the judge did not mean to instruct the jury that the circumstances referred to could be taken as raising such a presumption as could not be rebutted by proof. The charges excepted to are not reasonably susceptible of the construction placed upon them by counsel for the plaintiff in error. On the other hand, when considered together they carry upon their face the idea that the presumption referred to was a rebuttable one, and we can not agree that the jury were probably led to infer that there was any conclusive presumption of payment, or that the plaintiff's evidence should not be fully considered in relation to that issue. See, in this connection, *Bagwell* v. *Milam*, 9 *Ga. App.* 315 (2), 318 (71 S. E. 684) ; *Pusser* v. *Thompson*, 132 *Ga.* 280 (2) (64 S. E. 75, 22 L. R. A. (N. S.) 571) ; *Atlantic & Birmingham Ry. Co.* v. *Sumner*, 134 *Ga.* 673 (7) (68 S. E. 593) ; *Central of Georgia Ry. Co.* v. *Trammell*, 114 *Ga.* 312 (4) (40 S. E. 259). The charge conformed substantially to the rule as stated in *Tumlin* v. *Guest*, 31 *Ga. App.* 250 (2) (120 S. E. 442).

4. The present suit was a renewal of a former action which had been brought nearly twenty years after the maturity of the notes, and shortly before they were barred by limitation. It appears that the former suit was dismissed, and that the present action was brought as a renewal within the period of six months, as was the plaintiff's right to do. Civil Code (1910), § 4381. The court allowed a physician to testify that, at a certain time pending the former action, he was sent by the court to examine the plaintiff as to his state of health, "to see if [he] would be able to attend court;" and that he, the physician, "did not find anything much wrong with him." The plaintiff objected to this testimony upon the ground that it was irrelevant and immaterial and was offered for no other purpose than to prejudice the minds of the jury against the plaintiff and his cause. There was no error in admitting this evidence. If the evidence was true, it tended to show a reluctance on the part of the plaintiff to press the action, and this was a circumstance which could be considered by the jury on the question of payment. *Norton* v. *Aiken,* 134 *Ga.* 21 (5) (67 S. E. 425); *Fletcher* v. *Young,* 10 *Ga. App.* 183 (4) (72 S. E. 38). The court admitted also the testimony of W. T. McCurdy, a brother of J. S. McCurdy and one of the executors of his estate, to the effect that he thought his brother (the maker of the notes sued on) was worth approximately $75,000. This testimony was objected to upon the ground that it was an opinion of the witness. The court did not err in overruling this objection and admitting the testimony. It was not objected that the witness did not have sufficient information to express an opinion, or that the foundation therefore was not laid. The matter testified to was one which necessarily involved opinion evidence, and was pertinent to the issue under investigation.

5. M. D. George (not a relative of the plaintiff) was sworn for the defendant, for the purpose of impeachment. After he had testified that he knew the general character of the plaintiff, that it was bad, and that he would not believe the plaintiff on oath, he was delivered to the plaintiff's attorney for cross-examination. After the witness had then testified as to the source of his knowledge of the plaintiff's character and had stated that his opinion had been formed in part from information received from the witness's brother, with whom the plaintiff had had a lawsuit, and when the

witness was being further cross-examined with reference to that litigation, the following occurred:

"On cross-examination by Mr. Sams.

"Q. What did your brother do, did he borrow money from Mr. George? A. No, he lived with him, used to work for him, look after his farm, and it took a lawsuit right here in court to settle.

"Q. Wasn't it settled in court? A. Yes, since you have asked me the question, I will tell you what one of the best men in Stone Mountain said.

"Q. Was it settled in court? State if you know whether it was settled in court or not? A. I don't know, I couldn't tell you whether it was settled or not."

Mr. Sams: "Come down."

Mr. Candler (defendants' attorney): "The witness started to say what one of the best men in Stone Mountain said, I think he has a right to state that."

Mr. Sams: "I have a right to object. I object to that."

The court: "He is testifying as to character. That is the way they get character, what they hear others say. Go ahead."

The witness: "He says, 'I heard his evidence and never heard a man contradict himself so bad on the stand as Mr. George.'"

In one of the grounds of the motion for a new trial it is complained that the court erred in allowing the witness to testify as indicated in the last sentence quoted above, over the sole objection that the "evidence was and is hearsay and an improper method of impeachment." See *Pelham & Havana R. Co.* v. *Walker, 27 Ga. App.* 398 (2) (108 S. E. 814). Assuming that this is a good assignment of error and that the court erred in admitting the evidence, it is unlikely that the result of the trial was influenced thereby. Thirty-nine witnesses had testified pro and con as to the plaintiff's character, and considering the latitude that is usually allowed in the cross-examination of such witnesses and the freedom then to be granted to the witnesses in explaining the basis of their direct testimony, we think we would be unwarranted in holding that the improper admission of this bit of testimony, along with so much other evidence of the same nature, vitiated the entire proceeding, so as to require a new trial. Moreover, while it is true that the testimony was not strictly in reply to any question propounded on cross-examination, the witness had suggested something that he

would like to say in justification of his impeaching testimony; whereupon counsel for the defendants addressed the court as follows: "The witness started to say what one of the best men in Stone Mountain said, I think he has a right to state that." Under the circumstances appearing, we think the testimony was virtually admissible under the provisions of section 5882 of the Code, which provides that "particular transactions, or the opinions of single individuals" may be inquired into upon cross-examination in seeking for the extent and foundation of the witness's knowledge.

Counsel for the plaintiff in error cite and rely upon the case of *Pulliam* v. *Cantrell,* 77 *Ga.* 563 (3) (3 S. E. 280). That decision was explained in *Ozburn* v. *State,* 87 *Ga.* 173 (4), 182 (13 S. E. 247), as distinctly showing that the question there held to have been properly disallowed "was not asked to show the foundation or extent of the witness's knowledge of the character of the person of whom he was testifying," but "was an effort to prove a conviction of embezzlement by hearsay, which, of course, was improper." In *Moulder* v. *State,* 9 *Ga. App.* 438 (71 S. E. 682), this court held as follows: "Where character is put in issue, the direct examination must relate to general reputation, good or bad, as the case may be; but on cross-examination particular transactions, or statements of single individuals, may be brought into the inquiry, in testing the extent and foundation of the witness's knowledge and the correctness of his testimony on direct examination." See also *Warrick* v. *State,* 125 *Ga.* 133 (6) (53 S. E. 1027).

6. There are other grounds of the motion for a new trial besides those dealt with above, but there is no reference to them in the brief of counsel for the plaintiff in error, and we regard them as having been abandoned. While some slight errors may have been committed during the trial, none of them were of such importance or materiality as to require a reversal of the judgment. Under all the circumstances developed by the evidence, including the direct testimony upon the question of payment, we can not hold that the verdict for the defendants is unsupported.

The evidence authorized the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*