## 20917.  ATLANTIC ICE & COAL COMPANY *et al. v.* WAGES.

DECIDED AUGUST 27, 1931.

*Erwin, Erwin & Nix,* for plaintiff in error.

*James W. Arnold,* contra.

BELL, J.   John F. Wages sued Atlantic Ice & Coal Company and L. W. Brown to recover damages alleged to have been sustained by the plaintiff by reason of negligence of the defendants.   The jury found a verdict for the plaintiff in the sum of $4,000, and the defendants excepted to the overruling of their motion for a new trial.   The general grounds and one of the special grounds of this motion are expressly waived in this court, and only two questions are presented for decision, these having been raised by exceptions to the charge of the court, as contained in the amendment to the motion for a new trial.

■   The defendants complain that the court erred in charging the jury as follows:   "As already indicated to you, for the plaintiff to recover in this case, it is necessary for him to satisfy the jury by preponderance of the evidence of the truth of the material allegations in his petition."   It is contended that this charge was error for the reason that it authorized the jury to determine that the petition contained immaterial allegations, and that proof of such allegations was not essential to a recovery; that the court did not point out what allegations were immaterial and might be disregarded in determining whether or not the plaintiff had proved by a preponderance of the evidence the material allegations of his petition; that this was a question of law to be determined by the court, and should not have been left for decision by the jury; and that the charge was harmful and prejudicial to the defendant because it tended to permit the jury to determine that some of the material allegations were in fact immaterial, and then to make a finding for the plaintiff thereon without evidence.   It appears from the record that the court further charged the jury as follows: "The plaintiff sets forth, as the law requires him to do, the grounds of negligence relied upon by him for recovery in this case.   The petition has been read to you, in which these grounds of negligence are specified and set forth.  .  .   The petition of plaintiff is not evidence except so far as it may contain any admission hurtful to the plaintiff or beneficial to the defendants.  .  .   If you find that the plaintiff was injured and damaged as alleged in the peti-

tion, you will inquire whether the defendants were guilty of any act of negligence, in the operation of his automobile by the defendant Brown, that caused such injury or damage, and such act of negligence must be based on one or more of the allegations of negligence set forth in the petition, and the same must be sustained by the evidence in the case. The jury will look to the evidence as to whether or not these allegations have been sustained." It thus appears from the entire charge that the jury were instructed, in effect, that all the allegations of the petition were material, and that the plaintiff had the burden of establishing the truth of all such allegations by a preponderance of the evidence.

Furthermore, if the jury had undertaken to construe the petition for the purpose of determining whether some of the allegations were immaterial and not necessary to be proved, presumably they would not have rendered a verdict for the plaintiff upon those averments which they found to be immaterial, but would have discarded these entirely from consideration for all purposes. It may be assumed that if the jury had concluded that an allegation was immaterial, they would have cast it aside, and would have attached no importance whatever to it, in determining the rights and liabilities of the parties. On the other hand, if they concluded that an immaterial allegation was material, the defendant would not have been harmed, because if the jury followed the charge of the court they would have placed an undue burden upon the plaintiff, in requiring proof even of that which was immaterial.

■ The court instructed the jury that they would "not return a verdict for damages with interest as such—though the jury is allowed to consider the time of the transaction and increase amount of damages accordingly." This charge was excepted to upon the ground that the damages sued for included damages for pain and suffering, and that it was error to give the jury a charge which authorized them to increase the amount of the damages for pain and suffering by reason of the time elapsing between the date of the injury and the trial, and upon the further ground that the charge gave no measure by which the jury were authorized, in considering the time of the transaction, to increase the amount of the damages, but in fact allowed the jury to increase the damages by any measure or method that they might adopt, irrespective of the legal rate of interest. Earlier in the charge the court instructed

the jury as follows: "If you find that the injury is permanent and likely to cause him future pain and suffering and to impair in future his ability to labor, you would also be authorized to consider those as elements of damage, and if you find any amount for such elements, you must reduce any amount for future elements to its present cash value, figured at the rate of seven per cent. per annum. The guide for the fixing of damages, if any, for pain and suffering, or diminished capacity to labor, as distinguished from earning capacity, is the enlightened conscience of impartial jurors, acting under the sanctity of their oath." Before judgment on the motion for a new trial the plaintiff voluntarily wrote off from the amount of the recovery the equivalent of interest at the rate of 7 per cent. per annum from the date of the injury.

In an action for a tort, where there is some fixed rule for measuring the damages, the jury *may,* under proper circumstances, increase the amount by including the equivalent of interest as a part of the recovery; but "where the damages found are discretionary or punitive, this rule does not apply." *Central of Georgia Ry. Co.* v. *Hall,* 124 *Ga.* 322 (12), 338 (52 S. E. 679, 4 L. R. A. (N. S.) 898, 110 Am. St. R. 170, 4 Ann. Cas. 128); *Central of Georgia Ry. Co.* v. *Newton,* 23 *Ga. App.* 96 (4) (97 S. E. 553). Damages are "discretionary" when, as for pain and suffering, they are to be measured only by the enlightened consciences of impartial jurors. Sums which are ascertainable only by this standard "do not bear interest before verdict, either as interest or as damages, with or without discretionary allowance by the jury." *Western & Atlantic R. Co.* v. *Young,* 81 *Ga.* 397, 415 (7 S. E. 912, 12 Am. St. R. 320). The case before us was not one in which the jury could add interest to the damages allowed by them, and the charge was erroneous to the extent that it authorized them to do so; but where an error of this kind is such as it may be reached and cured by writing off a part of the recovery, and this is done, the grant of a new trial on account of such error is not required. *Seaboard Air-Line Ry.* v. *Bishop,* 132 *Ga.* 71 (63 S. E. 1103); *Southern Ry. Co.* v. *Groover,* 41 *Ga. App.* 746 (6) (154 S. E. 706). We do not deem it necessary to pass upon the contention of counsel for the defendant in error that the instruction under review could be sustained under the following language of Judge Bleckley in the *Young* case: "If the time of realizing discretionary damages is to be considered

(and doubtless the jury may consider it), it should be left as one of the terms of the general problem of damages, unfixed like all the rest of the terms."

Nor can we agree with the contention of counsel for the plaintiff in error that the act of the plaintiff in writing off a part of the recovery did not cure the alleged error, in that it could not be said that the jury, in augmenting the damages, were restricted to the rate of interest by which the plaintiff voluntarily reduced his recovery. The judge had told the jury that they "must reduce any amount for future elements [including pain and suffering] to its present cash value, figured at the rate of 7 per cent. per annum," and it would seem that if the jury undertook to increase the damages for "past elements," they would do so by the same rate. We think the error complained of was fully cured by the act of the plaintiff in writing off the equivalent of interest at the rate referred to in the court's charge. See, in this connection, *Hardwood Mfg. Co.* v. *Wooten,* 126 *Ga.* 55 (3) (54 S. E. 814); *Southern Ry. Co.* v. *Wessinger,* 32 *Ga. App.* 551 (5) (124 S. E. 100).

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., concurs in the judgment.*