HODNETT *v.* THE STATE.

No. 14855.   June ·7, 1944.

*Howard, Camp & Tiller,* and *Marvin A. Allison,* for plaintiff in
error.

*T. Grady Head, attorney-general, Roy Leathers, solicitor-general,*
and *Victor Davidson, assistant attorney-general,* contra.

WYATT, Justice. (After stating the foregoing facts.) ■ The
plaintiff in error concedes in his brief that the evidence, if believed,
was sufficient to authorize a conviction, and that "ordinarily this
court would be without authority to set the verdict aside," but
argues that "there is ample precedent in prior decisions of this
court for varying the rule in cases where a conviction of rape was
based on the testimony of a young girl, and where all the circum-
stances indicated that her testimony was not credible." The case
of *Davis* v. *State,* 152 *Ga.* 320 (110 S. E. 18), and the cases therein
collected and discussed are insisted upon as authority for this posi-
tion. An examination of the *Davis* case, and the cases therein cited
and discussed, discloses that all of them turned upon the proposi-
tion that in each case the evidence as a whole failed to satisfactorily
establish the fact that the intercourse was accomplished forcibly and
against the will of the female. In these cases the court properly
held that in order to constitute the offense of rape, the female must
resist with all her power, and keep up resistance as long as she has
strength; that opposition by mere words is not sufficient and a
passive policy will not do. The rule there laid down has no ap-
plication to the case now under consideration. Here, the female
alleged to have been assaulted was under fourteen years of age and
therefore incapable in law of giving her consent. Code, §§
26-1303, 26-1304 (Ga. L. 1918, p. 259). The verdict was author-

ized by the evidence, and, having the approval of the trial judge, will not be disturbed.

■ There is only one special ground. Complaint is made concerning the following excerpt from the charge of the court. "Now, gentlemen . . . you are the exclusive judges as to the credibility of the witnesses, and as to what weight or credit will be given to the various witnesses, and as to what weight and credit will be given to the defendant's statement." The plaintiff in error concedes that this excerpt states a correct principle of law, but contends that the judge should have gone further and instructed the jury that in determining the credibility of the witnesses they would have the right to observe the manner of the witnesses on the stand, their interest or want of interest, their bias or prejudice, if any, their intelligence or want of intelligence, and their age, as well as every circumstance that had occurred in their presence during the trial. The plaintiff in error contends that in the instant case the failure to give the jury this additional instruction on account of the age and mental capacity of the prosecutrix, and the improbability of her testimony, was particularily harmful to him. In *George* v. *McCurdy,* 42 *Ga. App.* 614, 617 (157 S. E. 219), the court said: "In another ground of the motion for a new trial complaint is made that the same charge was erroneous because it omitted to say that 'the jury may take into consideration the intelligence of the witnesses and the probability or improbability of their testimony.' It is contended that a part of the testimony of McCurdy, the maker of the notes, was improbable, and that for this reason the jury should have been instructed as to their province in considering the probability or improbability of the testimony. In our opinion, an instruction of this sort would not be necessary in order to insure a proper consideration and appraisal of the testimony by the jury. Trial jurors are themselves selected for their intelligence and uprightness (Civil Code of 1910, § 6546), and would hardly need to be told that in weighing the evidence they might or should take into consideration the intelligence or lack of intelligence on the part of the witnesses, or the probability or improbability of their testimony. At least it was not error to omit to instruct the jury as to these subjects, in the absence of a timely written request." See also, *Freeman* v. *Coleman,* 88 *Ga.* 421 (3) (14 S. E. 551); *Campbell* v. *State,* 123 *Ga.* 533 (7) (51 S. E.

644) ; *Lewis* v. *State,* 125 *Ga.* 48 (53 S. E. 816) ; *Mallary Brothers & Co.* v. *Moon,* 130 *Ga.* 591 (61 S. E. 401) ; *Fry* v. *State,* 141 *Ga.* 789 (4) (82 S. E. 135) ; *Scott* v. *Wimberly,* 188 *Ga.* 148 (5) (3 S. E. 2d, 71). It follows that there is no merit in this contention. The court did not commit error in overruling the motion for a new trial. *Judgment affirmed. All the Justices concur.*