34282. HARTSFIELD, administrator, *v.* HARTSFIELD.

Decided February 28, 1953.

*S. S. Edwards Jr.*, for plaintiff in error.

*H. G. Vandiviere, Ben F. Smith*, contra.

Worrill, J. ■ Complaint is made in special ground 1 of the motion for new trial of the following charge of the court to the jury: "I charge you, gentlemen, that you will not consider any bank account that might have been a joint bank account between the husband and wife. The court charges you that the evidence has not been sufficient to submit that proposition to your consideration in the case, and you will not consider that question." This ground alleges that the charge was error because, "Movant insists that said charge is not a correct statement of law in said case, in that movant insists that it was for the jury to determine the status of the bank account in the Cobb Exchange Bank, and not for the trial judge."

This ground of the motion does not show harmful error. Under the facts of this case, the only question sought to be raised

by the evidence relating to the fund deposited in the Cobb Exchange Bank by the decedent, in a joint account in his and his wife's (the applicant's) name, was whether the title to such fund was in the estate or in the applicant. The ordinary, or court of ordinary, has no jurisdiction to try and determine conflicting claims of ownership of property. *Dix* v. *Dix,* 132 *Ga.* 630 (64 S. E. 790) ; *Richey* v. *First Nat. Bank,* 180 *Ga.* 751 (6) (180 S. E. 740) ; *Hendrix* v. *Hendrix,* 58 *Ga. App.* 144 (197 S. E. 926). Nor was the superior court's jurisdiction in this regard any larger on appeal than the lower court's jurisdiction. *Maloy* v. *Maloy,* 134 *Ga.* 432 (2) (68 S. E. 80) ; *Griffin* v. *Securities Investment Co.,* 181 *Ga.* 455 (3) (182 S. E. 594). There is but one exception to the rule first stated, and that is in the trial of cases where the administrator has been cited to settlement by an heir or legatee. This exception to the general rule is one of necessity, arising by necessary implication from the wording of the Code, §§ 113-2201 and 113-2202. See *Brooks* v. *Brooks,* 184 *Ga.* 872 (193 S. E. 893).

It follows that the superior court on appeal from the court of ordinary had no jurisdiction to decide the issue as to the ownership of the fund on deposit in the bank; and, while the charge complained of in this ground of the motion may not have been technically correct, it had the effect of correctly withdrawing from the jury's consideration an issue which they did not have jurisdiction to decide, and therefore this ground of the motion for new trial does not show harmful error.

■ Special ground 2 of the motion for a new trial complains of a portion of the charge of the court. This ground of the motion sets forth the portion of the charge complained of, and alleges that it was error because a part of it was not based upon or adjusted to the pleadings, the contentions, or the evidence in the case, and because said action being a caveat to a year's support, it was error for the court to name any amount.

Special ground 3 is as follows: "The court, in ruling adversely to the caveator, ruled as follows: Page 3—'The Court: You can ask if they considered the circumstances prior to his death and also as to the solvency or insolvency of the estate. But you can't go outside of that.' This ruling was hurtful, harmful and prejudicial to movant because movant then was

prevented from charging the widow with what she had previously consumed from the estate."

A special ground of a motion for a new trial must be complete and understandable within itself. Such a special ground which is so vague, incomplete, and obscure as to require reference to other parts of the record or to the brief of the evidence or to other grounds of the motion for its comprehension by the court is too incomplete to be considered. This proposition is so well established as to require no citation of authority, but see the numerous cases cited under the catchword "Completeness" in Code (Ann.) § 70-301, and at the same place in the supplement thereto.

Special grounds 2 and 3 of the motion are subject to this objection. Special ground 2 alleges that the charge complained of was not adjusted to the pleadings or the evidence. Nowhere in that ground or elsewhere in the motion are the pleadings or the evidence to which the charge is not adjusted set forth in substance, nor is it alleged how or wherein said charge was not adjusted to the pleadings or the evidence. Special ground 3 is wholly unintelligible when read alone and would necessitate an exhaustive search of the record to enable the court to ascertain, if indeed it may be ascertained at all, what the ground has reference to. These grounds of the motion cannot, therefore, be considered.

■ The general grounds of the motion for new trial are not argued or insisted upon by the plaintiff in error before this court and are therefore treated as abandoned. Such abandoned grounds will not be considered by this court.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*