36094. BANK OF LOGANVILLE *v.* BRISCOE.

DECIDED MARCH 16, 1956.

*H. O. Godwin,* for plaintiff in error.
*A. M. Kelly,* contra.

NICHOLS, J. 1. The first special ground of the motion for new trial complains of the admission in evidence, over the plaintiff's objection, of certain of the defendant's exhibits. The exhibits are not set forth in the motion for new trial but require a reference to other parts of the record in order to understand fully this ground of the motion for new trial. "A special ground of the motion for a new trial must be complete and understandable within itself. Such a special ground which is so vague, incomplete, and obscure as to require reference to other parts of the record or the brief of evidence or to other grounds of the motion for its comprehension by the court is too incomplete to be considered." *Hartsfield* v. *Hartsfield,* 87 *Ga. App.* 707, 710 (75 S. E.

2d 276). Therefore, this ground of the motion for new trial cannot be considered.

2. The second special ground complains that the trial court charged, "In determining where the preponderance of the evidence lies, the jury may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their interest or want of interest, their bias or prejudice if any appear, their means and opportunity for knowing the facts to which they testify, and also their personal credibility so far as you may determine that legitimately on the trial of the case. The jury may also consider the number of witnesses, although the preponderance is not necessarily with the greater number," and erred in not charging the exact language of, or the substance of, Code § 38-107 to wit: "The nature of the facts to which they testified, and the probability or improbability of their testimony."

It has been held that where there is testimony presented on the trial of a case that for one reason or another is improbable, it is error for the trial judge to fail to charge the language quoted above when charging generally Code § 38-107, supra. See in this connection *Turner* v. *Joiner*, 77 *Ga. App.* 603, 615 (48 S. E. 2d 907), and cases cited.

It has also been held that the failure to instruct the jury on these subjects, in the absence of a timely request, is not error because: "Trial jurors are themselves selected for their intelligence and uprightness (Civil Code of 1910, § 6546) [Article VI, Section XVI, Paragraph II of the Constitution of Georgia; Code, Ann. § 2-5102], and would hardly need to be told that in weighing the evidence they might or should take into consideration the intelligence or lack of intelligence on the part of the witnesses, or the probability or improbability of their testimony." *George* v. *McCurdy*, 42 *Ga. App.* 614, 617 (157 S. E. 219); and quoted with approval by the Supreme Court in *Hodnett* v. *State*, 197 *Ga.* 730, 732 (30 S. E. 2d 606). Accordingly, in the present case, in view of the evidence presented, it was not reversible error, in the absence of a timely written request, for the trial court to fail to charge that portion of Code § 38-107, supra, complained of:

3. There was conflicting evidence presented on the trial of the case. The plaintiff presented evidence that it held a bill of sale to secure debt from M. J. Thornton covering the cotton

sought in the trover action, that such bill of sale was properly recorded, that M. J. Thornton was the tenant farmer who produced the cotton, and that the cotton sought to be recovered was the cotton covered by the bill of sale. The defendant presented evidence that Lamar Thornton was the tenant farmer who produced the cotton, that Lamar Thornton had given a bill of sale to H. L. Moon covering the cotton acreage for fertilizer, that the bill of sale was properly recorded, that Lamar Thornton had had the cotton ginned, that Lamar Thornton's father could not rent or work a farm, that Lamar Thornton had sold the cotton to the defendant, and that the bank, the plaintiff, had a custom of allowing farmers to sell their cotton and then to pay any loan secured by a bill of sale to secure debt. The evidence was in sharp conflict, but there was evidence to support the verdict, and where there is any evidence to support the verdict of a jury it will not be disturbed on review.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. I concur in the judgment for the reason that the evidence authorized the finding that the bank, under its custom, waived the claims it had on the property given to secure a debt and relied on the debtor to apply the proceeds of the property to his debt to the bank. I concur in the rulings on the special grounds.