36582. SHERIDAN *et al. v.* HAGGARD.

Decided April 4, 1957—Rehearing denied May 21, 1957.

*Erwin, Nix, Birchmore & Epting, Johnson & Johnson, Eugene Epting*, for plaintiffs in error.

*Rupert A. Brown, R. Howard Gordon*, contra.

NICHOLS, J. 1. The first special ground of the motion for new trial complains that the trial court erred in charging, on the matter of where the preponderance of the evidence lay, that the jury should "take into consideration all the facts and circumstances of the case as they have transpired here in your presence." The error assigned here is that the words "as they have transpired here in your presence" were words of limitation and restricted the jury as to what it should consider.

It appears from an examination of the whole charge that, at the time the above excerpt of the charge was given to the jury, the court was charging Code § 38-107 which should have been given to the jury either verbatim or in substance in the present case. The excerpt complained of is not embodied in the Code section; however, Code § 110-108 prohibits a juror from acting on his private knowledge where he has not been called and examined in the case. The phrase complained of above does not, as contended by the defendants, limit the jury to a consideration only of the facts and circumstances of the case as they happened on the trial of the case, but does properly limit the jury to a consideration of the facts and circumstances of the case as they were disclosed to the jury on the trial of the case. Roget's Thesaurus of English Words and Phrases, p. 197 gives "transpire" as a synonym of "disclose," "come to light," "come in sight," etc., and although the Merriam-Webster New International Dictionary, 2d ed., Unabridged, p. 2693 does show that, while the word "transpire" is sometimes used in lieu of "happen" or "occur," such usage is not correct. Since trial jurors are selected for their

intelligence and uprightness (*Bank of Loganville* v. *Briscoe,* 93 *Ga. App.* 558, 559, 92 S. E. 2d 326, and citations), it hardly seems likely that they would interpret this excerpt of the charge to restrict them in their consideration of the case to "happenings" on the day of the trial and not to the facts of the incident as testified to on the trial of the case. Accordingly, this ground of the motion for new trial is without merit.

2. Special ground 2 complains that the trial court erred in failing to charge the provisions of Code § 38-107 that the jury might consider the witnesses' "means and opportunity for knowing the facts to which they testified."

It has often been held that in close cases it is reversible error for the trial court to charge a portion of this Code section and to fail to charge all of it. See *Turner* v. *Joiner,* 77 *Ga. App.* 603, 615 (48 S. E. 2d 907), and citations. In the present case practically all the evidence was circumstantial and was in sharp conflict as to the one controlling question, to wit: "Did the truck owned by the defendant Garrison and being driven by the defendant Sheridan strike the mowing machine being used by the plaintiff?" Under these circumstances all of Code § 38-107 should have been given in charge even without request, and the failure to include the portion thereof relating to the witnesses' means and opportunity of knowing the facts to which they testified was reversible error.

3. The special ground of the motion for new trial which assigns error on the court's charge on "loss of earnings" is without merit since this was an item sued for and an item of damages supported by the evidence. See *Southern Ry. Co.* v. *Groover,* 41 *Ga. App.* 746 (4) (154 S. E. 706), and citations.

The matters complained of in the remaining ground of the motion for new trial are not likely to recur, and the general grounds of the motion for new trial are not passed on since under the ruling in the second division of this opinion the case must be tried again. The trial court erred in denying the defendants' motion for new trial.

*Judgment reversed. Gardner, P. J., Carlisle and Quillian, JJ., concur. Felton, C. J., and Townsend, J., dissent.*

FELTON, C. J., and TOWNSEND, J., dissenting. In this case the

plaintiff alleged that, as he was proceeding along the highway on a mowing machine, the defendants' truck knocked the mower off the road and he sustained injuries thereby. He testified: "I had a pair of mules to a mowing machine . . . and I was just mowing outside of the road and was going to turn off to go to the field, and this truck came along and run right up behind me and when he tried to go around, I saw the cab. And that is all I ever saw. . . [I] was knocked off the mowing machine. . . . When I saw the cab go by my head and by the time I saw it was backing a little bit, and that was the last I knowed of it . . . it was making a right smart of racket. When I saw this cab I knowed it was too late then, because the cab went right by my head and the back wheel caught—by the time I saw the cab, it hit me just like that. . . It was so quick and all it looked like the wheel just picked the thing in the mower up . . . it was all this time I saw the cab, it was just like that."

The plaintiff's daughter, standing at the kitchen window of her home, saw the defendants' truck go by and noticed that it was making "a lot of racket." About a minute later she heard her father calling for help. She swore positively that no other truck went by between the defendants' truck and the time the plaintiff's plight was discovered.

Both these witnesses testified that the defendant's driver told them there was loose lumber rattling in the truck and that it was one he was not used to; that he might have hit the mower and not known it. Pieces of a rod broken from the mower were found in the grass near where the plaintiff was lying when discovered.

The defendant driver testified: "I just topped the hill and I seen the mowing machine with a man on it with the mules pulling it along the shoulder of the road; I let off on the truck and I pulled over on the opposite side, I guess a hundred feet or more before I got to the mowing machine, and I went on by the mower and looked the way I was going and didn't look back. I don't know what happened after I passed. . . I didn't hit no mowing machine. . . I don't know exactly how much clearance I gave the mower but I would say some three or four feet. . .

I pulled over on the left-hand side of the road. . . I deny making the statement to them that I could have hit him and not known it. . . I drive a truck with care and if I run over anything ·I know it."

The court charged: "In determining where the preponderance of the evidence lies and passing upon and judging the credibility of the witnesses, you may take into consideration all the facts and circumstances of the case as they have transpired here in your presence; the witnesses' manner of testifying, their intelligence or lack of intelligence, their interest or want of interest, the nature of the testimony they have given to you, the probability or improbability of their testimony, and the reasonableness or unreasonableness of their testimony, and also their personal credibility insofar as the same may legitimately appear from the trial of the case. In determining where the preponderance of the evidence lies you may consider the greater number of the witnesses, but I charge you that the preponderance of the evidence does not necessarily lie with the greater number of the witnesses."

The omission of the words of Code § 38-107 in this connection "their means and opportunity for knowing the facts to which they testify" is not, in our opinion, sufficient to reverse the case under these circumstances. Error in the omission of some feature of the charge on credibility of witnesses is harmless where it could not have reasonably affected the result of the case. See *Cedrone* v. *Beck*, 74 *Ga. App.* 488, 490 (40 S. E. 2d 388) and citations. The evidence demands a finding that if the plaintiff was struck by a truck as he contends, it was the truck of the defendant. Under all the circumstances, the plaintiff had an equal, if not greater, opportunity to know whether or not he was struck by a truck.

We dissent because we believe that had the charge been given it would have been favorable to the plaintiff, and because we find no testimony in the record that indicates the giving of this charge would have benefited the defendant. Accordingly, we believe the error to be harmless.