36941. KIRBY *v.* WHITLOCK-DOBBS, INC.

160

Decided January 16, 1958—
Rehearing denied February 13, 1958.

*Fraser & Shelfer, Henry M. Henderson,* for plaintiff in error. *Hurt, Gaines, Baird, Peek & Peabody, J. Corbett Peek, Jr.,* contra.

Nichols, Judge. Special ground numbered 4 of the amended motion for new trial is but an amplification of the usual general grounds and will therefore be considered in connection with them.

The evidence adduced on the trial of the case was in sharp conflict, with almost every phase of the plaintiff's evidence being contradicted by the defendant and almost every phase of the defendant's evidence being contradicted by the plaintiff's wit-

nesses. It is unnecessary to go into great detail concerning such evidence for if the jury believed the evidence of the plaintiff corporation, which it was authorized to do, to the effect that the check issued by the defendant to the plaintiff corporation was in settlement of the account which the defendant then acknowledged was due, and that no further commissions were due the defendant, then the verdict was authorized and the usual general grounds of the motion for new trial are without merit.

■ Special ground 7 complains of an excerpt from the court's charge with reference to the burden of proof. The court charged that the preponderance of the evidence was the superior weight of the evidence. "It need not be sufficient to wholly free your mind from *doubt*, but it should be sufficient to incline the mind of a *reasonable* person to one side of the issue, rather than to the other." (Italics supplied). The complaint is made that the trial court should have prefaced the word "doubt," italicized above, with the word *reasonable,* and the word "reasonable," italicized in such excerpt, should have been followed with the words *and impartial.*

The above charge was given in connection with the burden of proof as placed on the plaintiff in the main bill, and in special ground numbered 8 complaint is made that the same burden of proof was placed on the defendant with reference to his cross-action.

By the above it is seen that the same burden of proof was placed on both parties as to their respective contentions and that both were required to carry the "burden of proof" as it applied to them by a "preponderance of the evidence." There was no greater burden placed on the plaintiff in error by the excerpts of the charge complained of than there was on the defendant in error; both the main bill and the cross-bill were considered by the jury on the same basis and the above excerpt complained of in special ground 7, if error, was at most a lapsus linguae and not ground for reversal since it could not have misled the jury. See *Fievet* v. *Curl,* 96 *Ga. App.* 535 (101 S. E. 2d 181); and *Limbert* v. *Bishop,* 96 *Ga. App.* 652 (101 S. E. 2d 148), and citations. This is especially true since trial jurors are selected for their intelligence and uprightness. *Bank of Loganville* v. *Briscoe,* 93 *Ga. App.* 558, 559 (92 S. E. 2d 326); *Sheridan* v. *Haggard,* 95 *Ga.*

■

162

*App.* 792 (99 S. E. 2d 163). Accordingly, these grounds of the motion for new trial are without merit.

■ The remaining special grounds of the amended motion for new trial require, for an understanding of such grounds, a consideration of various portions of the evidence and record. The evidence and parts of the record necessary to an understanding of such grounds is not set forth in such grounds nor is it referred to by page number, as is allowed by the Act of 1957 (Ga. L. 1957, pp. 224, 232). Without referring to the evidence or other parts of the record it is impossible to determine if any hurtful error was committed by the trial court. Therefore, since these special grounds are incomplete they will not be considered by this court. See *Brewer* v. *Henson,* 96 *Ga. App.* 501, 503 (100 S. E. 2d 661).

No reversible error being shown by the motion for new trial as amended, the judgment of the trial court denying such motion must be affirmed.

*Judgment affirmed. Quillian, J., concurs. Felton, C. J., concurs in the judgment.*