586

## 39691. PORTER v. BENNETT.

NICHOLS, Presiding Judge. 1. " 'Instructions to a jury, even if not in all respects correct, afford no cause for a new trial where they are manifestly harmless to the complaining party.' *Martin v. Gibbons,* 14 Ga. App. 136 (80 SE 522) ; *Williams v. State,* 180 Ga. 595 (3) (180 SE 101). See also *Faires v. Central of Ga. R. Co.,* 19 Ga. App. 121 (91 SE 241)." *Kimball v. State,* 63 App. 183, 187 (10 SE2d 240). Accordingly, the excerpt from the charge complained of in the first special ground of the motion for new trial which instructed the jury upon the act of 1955 (Ga. L. 1955, p. 454; *Code Ann.* § 68-301), declared unconstitutional in the case of *Frankel v. Cone,* 214 Ga. 733 (107 SE2d 819), was not harmful to the defendant where the undisputed evidence showed the driver of the defendant's automobile to be his servant and employee engaged in the scope of his employment at the time complained of.

2. "Plaintiff in error cannot complain of a charge contended for and invited by [his] pleadings and unobjected to by the plaintiff [defendant-in-error]." *Young v. Cedartown Block &c. Co.,* 89 Ga. App. 509, 511 (2b) (79 SE2d 828). Therefore, the excerpt from the charge of the court complained of in the second special ground of the motion for new trial, which was in accordance with the defendant's answer shows no harmful error to the defendant.

3. " 'Special grounds of a motion for new trial complaining that the court failed to charged on certain controlling issues in the case, but which neither set forth in substance any pleadings or evidence raising such issues, nor refer to and identify the same by page number in the record, are too incomplete for consideration by this court. *Maxwell v. Hollis,* 214 Ga. 358 (104 SE2d 893) ; *Kirby v. Whitlock-Dobbs, Inc.,* 97 Ga. App. 159 (3) (102 SE2d 631) ; *Brewer v. Henson,* 96 Ga. App. 501 (100 SE2d 661) ; *Hartsfield v. Hartsfield,* 87 Ga. App. 707 (2) (75 SE2d 276.' *Hodges v. Gay,* 100 Ga. App. 210 (1) (110 SE2d 570)." *Burns v. McLucas,* 106 Ga. App. 102 (1) (126 SE2d 309). Accordingly, the two remaining special grounds of the amended motion for new trial which failed to set forth, or refer by page number to, the pleadings and evidence requiring such instructions are incomplete and cannot be considered.

4. The evidence authorized the verdict.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*

DECIDED SEPTEMBER 21, 1962.

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann,* for plaintiff in error.

*Ralph L. Dawson,* contra.