40674.   FULTON COUNTY v. POWER et al.

Decided May 7, 1964—Rehearing denied June 1, 1964.

*Harold Sheats, Martin H. Peabody,* for plaintiff in error.
*Frank Love, Jr.,* contra.

Eberhardt, Judge.  This is a condemnation case in which the condemnor moved for a new trial on the general grounds and three special grounds.  The motion was overruled and the condemnor excepts, abandoning the general grounds in this court.

■  Special ground 1 complained of the illegal admission of evidence, consisting of certain testimony given by W. J. Power, the landowner.  A transcript shows the following exchange:

"Q.  [Mr. Love].  I'll ask you if you have an opinion as to the value of your property per acre before the perimeter road was put in there, before it was taken?

A.  [Condemnee.]  I could have sold it—

By Mr. Peabody:  I don't believe he can testify as to what he could have sold it for.

A. (Continued) for $3,000.00 an acre.

By Mr. Peabody: He can give his opinion, but what he could have sold it for—

A. I could have got that for it.

By Mr. Peabody: I still object to it.

Q. I'll ask you, Mr. Power, to answer the question, if you have an opinion what it [the land's value] was before?

A. $3,000.00 per acre."

Even if the objection was proper here, which we doubt, it is obvious that the witness was testifying as to his opinion of the value of the land. He may base his opinion partly on unaccepted offers. *Sutton v. State Hwy. Dept.*, 103 Ga. App. 29 (4) (118 SE2d 285). Furthermore, similar evidence was elicited at other times during the trial both on direct and cross examination making the admission of this evidence, if error, harmless. *Lowe v. Athens Marble &c. Co.*, 104 Ga. App. 642, 643 (1) (122 SE2d 483) and citations.

■ Another special ground (No. 2) assigns error on the admission of evidence of a sale of comparable property about eight months after the agreed time of taking. The allowance of this type evidence is within the sound discretion of the trial judge and the rule is that "Exact similarity is not generally attainable, and any dissimilarities in the lands or their transfer are matters which go to the weight to be given by the jury to the evidence of the transfer." *Georgia Power Co. v. Walker*, 101 Ga. App. 454 (2) (114 SE2d 159, 80 ALR2d 1264). In *Walker* the evidence was held admissible where the transaction complained of was almost six years before and there were a number of differences in location, etc. There was no abuse of discretion here.

■ (a) A portion of the charge is the subject of complaint in special ground 3, as follows:

"Now, the compensation which the defendant is entitled to for the land actually taken by Fulton County is the value of the land taken. To determine this value, you should first determine from the evidence, if the evidence discloses it, what the market value was of the whole tract owned by the defendant before the land was taken from it. Then you would determine from the evidence, if the evidence discloses it, what the market value was of defendant's tract after the land had been taken

from it for highway purposes,. that is, the value of that portion of the tract remaining to the defendant after the land was taken. Now, the difference, if any, between the value of the tract as a whole before the land was taken from it, and the value of the tract remaining after the land was taken, would represent the value of the land actually taken." The court subsequently charged on consequential damages.

The county's contention here is that the quoted charge allowed the condemnee a double recovery for consequential damages. This position is supported by *Georgia Power Co. v. Pharr*, 97 Ga. App. 223 (102 SE2d 658) and by *Fulton County v. Elliott*, 109 Ga. App. 775. See also *State Hwy. Dept. v. Weldon*, 107 Ga. App. 98, 99 (1) (129 SE2d 396). On the other hand, *State Hwy. Bd. v. Bridges*, 60 Ga. App. 240 (2) (3 SE2d 907) gives approval to this charge. However, what is said in *Bridges* is clearly dictum because the court was attempting to lay down a proper way to charge rather than considering the charge on its merits. It has been interpreted in varying ways. Compare *Georgia Power Co. v. Pittman*, 92 Ga. App. 673, 675 (1) (89 SE2d 577) with *Vann v. State Hwy. Dept.*, 95 Ga. App. 243, 244 (2) (97 SE2d 550).

There are two elements to be considered in connection with the damages in condemnation cases. They are the actual value of the land taken and the consequential damage or consequential benefit to the remaining land. *Code* § 36-504. The jury may consider consequential benefits to the remaining land to the extent that they offset consequential damages. *Code* § 36-506. The vice of this charge is that the jury might include consequential benefits in the value they fix on the land remaining after taking, thereby depriving the condemnee of the "actual value" of his property taken in direct contravention of *Code* §§ 36-504, 36-506. Likewise, if there are consequential damages but no consequential benefits to the land remaining, or if the damages exceed in value the benefits, the verdict may result in the condemnor paying more than actual value for the land taken. On this basis the charge was erroneous. The dictum in *Bridges*, being error itself, will not be followed.

However, an erroneous charge must be coupled with harm in

786

order to entitle the moving party to a new trial. *Porter v. Bennett,* 106 Ga. App. 586 (127 SE2d 875) and citations. Here the county contended throughout the trial that the value of the land increased because of the taking and, therefore, that there were no consequential damages, only consequential benefits. In special ground 2, considered supra, it contended that evidence of similar sales after the taking should be excluded because of the increase in value of the property as a result of the public improvement. It introduced expert testimony following the formula for computing damages laid down in the charge.

Therefore, as to the county this charge was harmless.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*