## 51053. HAYES v. THE STATE.

Evans, Judge.

Defendant was arrested and indicted for the crime of burglary. Having been tried and found guilty, he was sentenced to six years. Defendant appeals.

1. Defendant urges that taking the plea of a co-defendant in the presence of the entire jury panel from which the jury was to be selected was error. In *Gray v. State,* 13 Ga. App. 374 (79 SE 223), it is squarely held that a guilty plea of a jointly-indicted defendant is not admissible in evidence. How could the facts have been better placed before the jury than to allow the co-defendant to plead guilty *in the presence of the jurors?* The state had no need of introducing this plea in evidence because it had informed all of the jurors about it in open court and in their presence. Jurors are presumed to be possessed of normal intelligence. Code §§ 2-5102, 38-107; *Atlantic C. L. R. Co. v. Fulford,* 33 Ga. App. 631 (127 SE 812); *Bank of Loganville v. Briscoe,* 93 Ga. App. 558, 559 (92 SE2d 326); *Hodnett v. State,* 197 Ga. 730, 732 (2) (30 SE2d 606); *George v. McCurdy,* 42 Ga. App. 614, 617 (2) (157 SE 219). Jurors are entitled to take note of anything that happens in their presence and hearing from the inception of the case. *Sheridan v. Haggard,* 95 Ga. App. 792, 793 (99 SE2d 163). This was error requiring the grant of a new trial.

2. Defendant argues that the reference in the trial judge's charge to the plea of guilty by his joint defendant was error. Code Ann. § 81-1104 prohibits the expression or intimation by a trial judge of his opinion as to what has or has not been proved or as to the guilt of the accused. The cases cited by defendant reveal that statements by the trial judge must amount to an opinion as to the *legal status* of the accused's co-defendant to amount to error. Thus, reference to a co-defendant as an "accomplice" will be prohibited by Code Ann. § 81-1104. *Sellers v. State,* 41 Ga. App. 572 (153 SE 782); *Millwood v. State,* 102 Ga. App. 180 (1) (115 SE2d 829). No cases cited hold that mere reference to the co-defendant's name and his plea of guilty is a prohibited opinion. The record reveals the trial judge warned the jury that it was concerned only with the guilt

or innocence of the appellant. "To determine whether or not an excerpt from the judge's charge to the jury amounts to an expression of opinion, this court will look to the setting of the expression in its connection with the whole charge and determine from the whole charge whether such expression transgressed the provision that the trial court is unauthorized to express an opinion as to what has or has not been proved." *Weathers Brothers Transfer Co. v. Jarrell,* 72 Ga. App. 317 (3c) (33 SE2d 805). Viewing the charge as a whole we conclude there was no error.

3. Defendant alleges that error was committed when the trial judge charged the jury with regard to the defense of alibi: "Alibi as a defense involves the *possibility* of the accused's presence at the scene of the offense at the time of its commission." There is no question as to the erroneous nature of this charge, but there is no showing whether the error is typographical or the result of a slip of the judge's tongue. If the former, then no reversible error is present. If the latter, we believe that looking at the charge as a whole it would be a *mere* slip of the tongue, not amounting to reversible error, for the trial judge immediately charged: "Presence of the defendant at the scene of the crime alleged, or his involvement as a co-conspirator, is an essential element of the crime set forth in this indictment. And the burden of proof as to such issues rests upon the state." We therefore conclude the error to have been harmless. *Knight v. State,* 130 Ga. App. 551 (203 SE2d 911).

4. Defendant's final enumeration of error concerns the jury charge with regard to circumstantial evidence: "Now when circumstantial evidence is relied upon to establish the fact, the evidence must be such as to reasonably establish the theory relied upon to *preponderate* that theory, rather than any other reasonable hypothesis." This court has long held that "[i]t is inept for the trial judge on the trial of a criminal case to charge on the preponderance of evidence. . ." *Ponder v. State,* 18 Ga. App. 703 (3) (90 SE 365). There is an apparent difference of opinion however as to whether the charge is harmless error when it is followed by a charge that the jury would not be authorized to convict on circumstantial evidence alone unless the proven facts

excluded every other reasonable hypothesis or conclusion except that of the guilt of the accused and the trial judge otherwise makes it clear that the jury must find beyond a reasonable doubt .that the defendant was guilty. This court has found such a charge to be reversible error. *Wells v. State,* 126 Ga. App. 130 (1) (190 SE2d 106). The Supreme Court has found it to be harmless. *Pless v. State,* 231 Ga. 228 (1) (200 SE2d 897); *Woods v. State,* 233 Ga. 495 (212 SE2d 322). This conflict need not be resolved here for the trial judge in the case sub judice failed to follow his erroneous charge on circumstantial evidence with the mitigating language found in the cases cited supra. We are therefore of the opinion that under *Wells, Pless* and *Woods* the charge would be reversible error as it tends to mislead the jury into convicting the defendant on the basis of a preponderance of the evidence.

5. For the reasons stated in Divisions 1 and 4, a new trial is required.

*Judgment reversed. Bell, C. J., Pannell, P. J., Quillian, Webb and Marshall, JJ., concur. Deen, P. J., concurs in Divisions 2, 3, and 4, and in the judgment of reversal, but dissents from Division 1. Clark and Stolz, JJ., concur but would also reverse as to Division 3.*

SUBMITTED SEPTEMBER 9, 1975 — DECIDED NOVEMBER 25, 1975.

*Paris & Burkett, Richard J. Burkett,* for appellant.
*Nat Hancock, District Attorney,* for appellee.

DEEN, Presiding Judge, concurring in part and dissenting in part.

I fully concur in Divisions 2, 3 and 4 of the majority opinion; I do not agree, however, that taking the plea of a co-defendant in the presence of the jury panel from which the jury was selected was reversible error. It is true that *Gray v. State,* 13 Ga. App. 374 (79 SE 223) holds that guilty pleas of jointly indicted defendants may not be admitted into *evidence* and that Code Ann. § 38-414 limits the admissibility of the confession of a joint offender or conspirator to use only against the confessor himself. Here however the guilty plea was not admitted into

evidence and the confessed co-defendant was later called and testified for the state. The jury learned nothing more by overhearing the plea than it later heard when the confessor took the stand as a witness. While I agree that it was error for the trial judge to hear a guilty plea in the presence of the entire jury panel, I believe that it was rendered harmless when the confessor later became a witness for the prosecution. *Gray v. State,* 13 Ga. App. 374, supra. I therefore concur in Divisions 2, 3 and 4 of the majority and with the judgment of reversal but must dissent as to the finding of reversible error in Division 1.